PICKETT, Judge.
^PROCEEDINGS IN THE DISTRICT COURT
The plaintiff, the City of Alexandria, filed a petition for damages against the defendants, Lafayette Surgical Hospital, L.L.C., Lafayette General Medical Center, Dr. Patrick Juneau III, Dr. Christopher Lawrence, and Dr. Stephen Salopek, seeking to recover “additional” workers’ compensation benefits it paid its employee, Mark Tigner, because of his delayed return to work due to the alleged medical malpractice of the defendants. In response to the suit, the defendants filed peremptory exceptions of no cause of action and no right of action and the dilatory exception of prematurity. The trial court, finding the petition stated a cause of action in medical malpractice, granted the dilatory exception of prematurity (the claim had not been presented to a medical review panel prior to the filing of suit in the district court) and dismissed the suit without prejudice and without ruling on the peremptory exceptions. This appeal followed. We affirm the judgment of the trial court.
FACTS
Mark Tigner was injured in the course and scope of his employment with the City of Alexandria on June 11, 2003. His injuries necessitated surgery, and on November 16, 2004, he underwent a L5/S1 microdiscectomy preformed by Dr. Patrick Juneau III at Lafayette Surgical Hospital (LSH). Mr. Tigner was discharged the following day but presented to the emergency department at Lafayette General Medical Center (LGMC) on November 26, 2004, complaining of drainage from his surgical incision. He was treated by Dr. Christopher Lawrence at LGMC, and follow up care was provided by Dr. Juneau.
On January 1, 2005, Mr. Tigner presented to the emergency room at Rapides ^Regional Medical Center. He was admitted and treated for an epidural abscess in the area of his prior surgery. He was transferred back to LSH on January 4, 2005, where Dr. Juneau assumed his care. Dr. Juneau consulted with Dr. Stephen Salopek Jr. and Mr. Tigner was transferred back to LGMC where more definitive care was available. At LGMC, he was diagnosed with a staphylococcus infection of the original incision site, was treated for same, and remained hospitalized till January 20, 2005. He was discharged with orders to continue IV antibiotic therapy for at least eight more weeks.
*1021 The plaintiff alleges that the defendants deviated from the “accepted standards of medical practice required under the circumstances,” and that those deviations caused the plaintiff to expend funds in the form of medical costs and workers’ compensation benefits that it would not have otherwise been obligated to expend if Mr. Tigner’s medical care had not been substandard and he had been able to return to work in a timely manner. The plaintiff alleges it was “forced” to file this action when it learned that Mr. Tigner had no intention of pursuing a medical malpractice claim. The trial court recognized that in order to prevail, the plaintiff would have to prove that Mr. Tigner’s post-operative problems were due to malpractice and, thus, only considered the defendants’ dilatory exception of prematurity. For the following reasons, we affirm the judgment of the trial court.
LAW AND DISCUSSION
The plaintiff points out that in the Louisiana Medical Malpractice Law (MML), La.R.S. 40:1299.41(A), defines “malpractice” as “any unintentional tort or any breach of contract based on health care or professional services rendered, or which should have been rendered, by a health care provider, to a patient .... ” and “patient” as “a natural person,” and “tort” as “any breach of duty or any negligent act or omission 13proximately causing injury or damage to another.” The plaintiff argues that since it is not a “natural person” and was not the “patient,” it should not be required to comply with the provisions of the MML. We disagree.
While it is true that in the case sub judice the plaintiff was not the patient, any right to recover from the defendants arose from its relationship with its employee, i.e., the plaintiff was/is Mr. Tigner’s workers’ compensation insurer. The patient, the plaintiffs employee, was allegedly injured by the defendants’ alleged deviation from the applicable standards of medical care. Thus, in order to recover, the plaintiff must prove malpractice on the part of one or more of the defendants.
Louisiana Revised Statutes 23:1101 states in pertinent part:
Employee and employer suits against third persons; effect on right to compensation
[[Image here]]
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such employee or his dependents....
C. For purposes of this Section, “third person” shall include any party who causes injury to an employee at the time of his employment or at any time thereafter provided the employer is obligated to pay benefits under this Chapter because the injury by the third party has aggravated the employment related injury.
In Barreca v. Cobb, 95-1651, p. 4 (La.2/28/96), 668 So.2d 1129,1131, the Louisiana Supreme Court pronounced:
In Moody v. Arabie, 498 So.2d 1081 (La.1986), this court stated that when an employer pays worker’s compensation to its employee who has been injured by the wrongful act of a third person, the employer and the employee become co-owners of a property right consisting of the right to recover damages from the third person.
And in State Farm Mutual Automobile Insurance Co. v. Berthelot, 98-1011, pp. 4, 5 |4(La.4/13/99), 732 So.2d 1230, 1233, the court explained further:
*1022 La.Civ.Code art. 1825 explains that subrogation is the substitution of one person to the rights of another. When subrogation results from a person’s performance of the obligation of another, that obligation subsists in favor of the person who performed it who may avail himself of the action and security of the original obligee. An original obligee who has been paid only in part may exercise his rights for the balance of the debt in preference to the new obligee. La.Civ.Code art. 1826.
Subrogation is a legal fiction whereby payment by a third person, or from the original debtor with funds provided by a third person, extinguishes an obligation of the original creditor. The third person then steps into the shoes of the original creditor, acquiring the right to assert the actions and rights of the original creditor.
Louisiana Revised Statutes 40:1299.47 states in pertinent part:
A. (l)(a) All malpractice claims against health care providers covered by this Part, other than claims validly agreed for submission to a lawfully binding arbitration procedure, shall be reviewed by a medical review panel established as hereinafter provided for in this Section ...
(b) A request for review of a malpractice claim or a malpractice complaint shall contain, at a minimum, all of the following:
(I) A request for the formation of a medical review panel.
(ii) The name of the patient.
(iii) The names of the claimants.
(iv) The names of the defendant health care providers.
(v) The dates of the alleged malpractice.
(vi) A brief description of the alleged malpractice as to each named defendant health care provider.
(vii) A brief description of the alleged injuries.
As can be seen from the foregoing, the claimant (§ (b)(iii)) in a medical malpractice action need not be the patient (§ (b)(ii)). In the case at bar, it just so happens that the City Of Alexandria/the plaintiff/ the claimant, stands in the place of the patient, its insured.
| .¡Accordingly, the plaintiff (claimant), must comply with the provisions of the Louisiana Medical Malpractice Law and must convene a medical review panel before it can file its claim in the district court.
Therefore, the ruling by the trial court was correct and its judgment is affirmed. All costs of this appeal are assessed to the plaintiff, the City of Alexandria.
AFFIRMED.
PETERS, J., dissents, and assigns written reasons.