STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

CW 04-246


ROGER WALKER

VERSUS

BENJAMIN HOWELL


**********


APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 214,831
HONORABLE WILLIAM ROSS FOOTE, DISTRICT JUDGE


**********


BILLIE COLOMBARO WOODARD
JUDGE


**********


Court composed of Billie Colombaro Woodard, Marc T. Amy, and Billy Howard
Ezell, Judges.

WRIT DENIED.

Amy, J., concurs and assigns additional reasons

Gregory Engelsman
Bolen, Parker & Brenner
Post Office Box 11590
Alexandria, LA 71315-1590
(318) 445-8236
Counsel for: Plaintiff/Respondent
Roger Walker


Thomas D. Davenport, Jr.
Attorney at Law
1239 Jackson St.
Alexandria, LA 71301
(318) 767-1161
Counsel for: Defendant/Applicant
Benjamin Howell

W. Jay Luneau
Luneau Law Office
1239 Jackson Street
Alexandria, LA 71301
(318) 767-1161
Counsel for: Defendant/Applicant
Benjamin Howell

WOODARD, Judge.

Mr. Walker asks this court to exercise our supervisory jurisdiction to overturn the trial court's denial of his exceptions of *res judicata* and no right of action. We deny the writ.

\* \* \* \* \*

These proceedings originated when Mr. Roger Walker sued Mr. Benjamin Howell in Justice of the Peace Court. Mr. Walker orally contracted with Mr. Howell to make certain improvements to Mr. Howell's mobile home, including building a porch, adding a room, and re-roofing it. Mr. Walker claimed that Mr. Howell did not pay him in full for the work he performed. Accordingly, he sued him for $2,920.00. Mr. Howell defended the suit, asserting that "a large amount of the work already done by plaintiff will have to be redone by another contractor due to poor workmanship and failure to perform up to standards, specifications, satisfaction, and code," but did not reconvene. The Justice of the Peace Court rendered judgment in Mr. Walker's favor for this amount. Mr. Howell appealed the judgment to Ninth Judicial District Court and, for the first time, asserted a reconventional demand, requesting $5,500.00, in additional costs he alleged he had incurred because of Mr. Walker's failure to abide by the original agreement.

Mr. Walker filed peremptory exceptions of no right of action and *res judicata*, concerning Mr. Howell's reconventional demand. The trial court denied the exceptions, and Mr. Walker asks this court to exercise our supervisory jurisdiction to overturn that ruling.

Thus, we are concerned, only, with whether Mr. Howell may assert, for the first time, a reconventional demand on appeal to the district court.

\* \* \* \* \*

**JUSTICE OF THE PEACE COURT JURISDICTION**

Justice of the Peace Courts are courts of limited jurisdiction.[1] Written pleadings

---

[1] La.Code Civ.P. art. 4911.

1

are not required, and the amount in dispute cannot exceed three thousand dollars.[2] A party may appeal a judgment a Justice of the Peace Court renders but must do so in the Parish Court.[3] If, as in the instant case, there is no Parish Court, the party must appeal in the district court in the parish.[4] The district court's judgment is final, and the parties may not appeal it further.[5] However, we may exercise supervisory jurisdiction over the district court's rulings.[6]

As far as practicable, Louisiana Code of Civil Procedure's provisions govern proceedings in Justice of the Peace courts.[7] Louisiana Code of Civil Procedure Article 1061(B) states:

> The defendant in the principal action . . . shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action.

Furthermore, La.Code Civ.P. art. 425(A) provides: "A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation."

Accordingly, Mr. Walker argues that Mr. Howell may not assert a reconventional demand in the district court because he failed to reconvene in the Justice of the Peace Court.

Both Articles 425 and 1061 prevent claim-splitting. In other words, they direct a party to assert all causes of action that arise from the same subject matter in one suit rather than bringing multiple lawsuits on each claim. However, in the instant case, Mr. Howell is not attempting to raise a new cause of action in a separate lawsuit. Rather, he is asserting a new cause of action on appeal *in the same lawsuit*.

Furthermore, the flaw in Mr. Walker's argument is apparent when we examine

---

[2]La.Code Civ.P. art. 4917(A); La.Code Civ.P. art. 4911(A).

[3]La.Code Civ.P. art. 4924(A).

[4]*Id.*

[5]La.Code Civ.P. art. 4924(C).

[6]La.Code Civ.P. art. 4924(D).

[7]La.Code Civ.P. art. 4831.

the procedural mechanisms he attempts to use to prevent Mr. Howell from asserting his reconventional demand on appeal to the district court; namely, exceptions of *res judicata* and no right of action.

**EXCEPTION OF RES JUDICATA**

*Res judicata* is an issue and claim preclusion device which prohibits relitigation of matters which were litigated or could have been litigated in a *prior suit*.[8] Louisiana Revised Statute 13:4231 enumerates the specific circumstances under which a valid and final judgment will preclude a party from raising a claim or issue in a subsequent proceeding. However, La.R.S. 13:4231 explicitly states that *res judicata* does not apply "on appeal or other direct review[.]"[9] Thus, the district court may not apply *res judicata* to the Justice of the Peace Court's judgment in the instant case because it is the same judgment that the district court is reviewing on appeal.

Moreover, La.Code Civ.P. arts. 1061 and 425 operate in tandem with the *res judicata* rules. Louisiana Code of Civil Procedure Article 1061's comments reference *res judiciata*, and the legislature amended La.Code Civ.P. art. 425 in 1990 to its current form to reflect changes it made, simultaneously, in the *res judicata* rules.[10] Thus, we must read them *in para materia*. Accordingly, an exception of *res judicata* is the proper procedural vehicle to enforce the articles' mandates by barring claims that were or could have been litigated in a previous lawsuit. Again, however, *res judicata* cannot apply to bar Mr. Howell's reconventional demand because proceedings in the Justice of Peace Court do not constitute a *previous* suit in the district court; rather it is a direct appeal of the same suit.

We recognize that, unless the interest of justice clearly requires otherwise, courts of appeal, generally, will not review a claim or issue unless the party raised it in the trial court. However, this practice is predicated on Uniform Rules, Courts of Appeal, Rule 1-3. Obviously, the rule is inapplicable to Justice of the Peace Courts. In fact, we find no rule or jurisprudence which addresses the district court's discretion to review a claim or issue not raised in the Justice of the Peace Court. Accordingly, Mr. Howell may assert his reconventional demand in the district court proceedings, as we find no procedural mechanism in our law which prevents him from doing so.

---

[8]*Williams v. City of Marksville*, 02-1130 (La.App. 3 Cir. 3/5/03), 839 So.2d 1129. *See also* La.Code Civ.P. art. 425.

[9]La.R.S. 13:4231.

[10]La.Code Civ.P. art. 425 (cmt. 1990).

**EXCEPTION OF NO RIGHT OF ACTION**

Mr. Walker also appeals the trial court's denial of this exception. However, the transcript reveals that he made no independent argument concerning the no right of action exception; rather, he based it, solely, on his *res judicata* theory. Thus, our previous finding pretermits a need to discuss this issue.

## CONCLUSION

Finding no procedural mechanism which will provide Mr. Walker with the relief he seeks, we deny the writ. The trial court properly denied Mr. Walker's exceptions of *res judicata* and no right of action. Mr. Howell may file his reconventional demand in the district court proceedings. We assess the costs of this appeal to Mr. Walker.

**WRIT DENIED.**

NUMBER CW04-246

COURT OF APPEAL, THIRD CIRCUIT

STATE OF LOUISIANA

ROGER WALKER

VERSUS

BENJAMIN HOWELL

AMY, J., concurring and assigning additional reasons.

I subscribe to the majority opinion as I agree that principles of *res judicata* do not preclude the defendant's assertion of the reconventional demand for the first time before the district court. I write separately to point out that, additionally, an appeal from the judgment of a justice of the peace court proceeds to the district court for a trial de novo. *See* La.Code Civ.P. art. 4924(B). In my opinion, this procedure in the context of a justice of the peace court judgment indicates that new claims may be brought in the district court. In fact, Section B further explains that the trial de novo "is not subject to the jurisdictional limit of the justice of the peace court." Certainly a provision that additional damages may be sought must provide an opposing party with the opportunity to defend against such a claim and would anticipate the advancement of arguments and evidence previously unnecessary. Furthermore, to require that the parties are limited to claims brought before the justice of the peace court is problematic in that such courts do not maintain records and related transcripts which are suitable for a review on the record as is necessary in the appeal of district court judgments. For these reasons, I find no error in the trial court's ruling.