# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 04-1502


**MARIE DENISE GASPARD**

**VERSUS**

**ALLSTATE INSURANCE COMPANY**


\*\*\*\*\*\*\*\*\*\*


APPEAL FROM THE
TWENTY-SEVENTH JUDICIAL DISTRICT COURT
PARISH OF ST. LANDRY, NO. 03-C-2313-C
HONORABLE ALONZO HARRIS, DISTRICT JUDGE


\*\*\*\*\*\*\*\*\*\*


## OSWALD A. DECUIR
## JUDGE


\*\*\*\*\*\*\*\*\*\*


Court composed of Oswald A. Decuir, Elizabeth A. Pickett, and James T. Genovese, Judges.


**REVERSED AND REMANDED.**

**Michael W. Robinson**
**Pucheu, Pucheu & Robinson, L.L.P.**
**P. O. Box 1109**
**Eunice, LA 70535-1109**
**(337) 457-9075**
**Counsel for Plaintiff/Appellant:**
    **Marie Denise Gaspard**

**C. Shannon Hardy**
**Penny & Hardy**
**P. O. Box 2187**
**Lafayette, LA 70502-2187**
**(337) 231-1955**
**Counsel for Defendant/Appellee:**
    **Allstate Insurance Company**

**DECUIR, Judge.**

The plaintiff, Marie Denise Gaspard, appeals the dismissal of her claim against her uninsured/underinsured motorist carrier, Allstate Insurance Company, following an automobile accident in which Gaspard sustained damages. Finding error in the judgment rendered by the trial court, we reverse and remand.

This suit arose from a June 2, 2001 automobile accident involving Gaspard and Steven Fruge on Louisiana Highway 13 in Eunice, Louisiana. Gaspard originally filed suit against Fruge and his insurer, Safeway Insurance Company, in Eunice City Court. Prior to trial, Safeway paid Gaspard its policy limits of $10,000.00, and the City Court case was dismissed with prejudice on June 5, 2003. The release of all claims against Safeway, executed by Gaspard on May 21, 2003, includes handwritten text by which Gaspard specifically reserved her rights against any and all other insurers.

On June 2, 2003, Gaspard filed the instant suit against her UM insurer, Allstate, in the Twenty-Seventh Judicial District Court. Allstate answered the suit, then later filed an exception of no cause of action and/or no right of action, alleging the plaintiff's suit was barred by preclusion of judgment. Allstate asserted the present suit was filed after the suit against Safeway was dismissed with prejudice, thereby precluding further claims arising from the automobile accident that was the subject of the Safeway suit. Allstate argued that Gaspard essentially waived her UM claim, pursuant to the provisions of La.Code Civ.P. art. 425. After a hearing, the trial judge granted the exception and dismissed the suit.

In 1984, the supreme court reached the following conclusion regarding a subsequent suit against an uninsured motorist carrier after settlement with the tortfeasor's insurer:

> [T]he insured's right to recover from the UM insurer is afforded
> similar protection when he first receives payment for part of his damages

from the tortfeasor. Any other interpretation would be unreasonable and would cause injuries of innocent, insured motorists to go unremedied, thus frustrating the legislative aim of the UM statute. Since full recovery is the goal of the legislation and because the tortfeasor and the UM carrier are codebtors in solido, we infer that a victim merely by his release of the tortfeasor does not forfeit any right against his UM carrier.

*Carona v. State Farm Ins. Co.,* 458 So.2d 1275, 1279 (La.1984). The court later reaffirmed this statement of the law in *Martin v. Champion Ins. Co.,* 95-0030 (La. 6/30/95), 656 So.2d 991:

This court, in its ruling in *Carona*, declared that, "[t]he object of the UM statute is to promote full recovery for damages by automobile accident victims.... The technical rule of article 2203 serves as a barrier to full recovery by innocent accident victims, and thereby conflicts with the basic object of the UM legislation." We concluded that because the provisions of former article 2203 were superseded by La.R.S. 22:1406(D)(4) of the UM statute, the plaintiff-victim, despite his release of the tortfeasor, nevertheless retained all of his rights as against his UM carrier.

656 So.2d 991, 999.

Notwithstanding this jurisprudence, Allstate relies on the first circuit case of *Westerman v. State Farm Mut. Auto. Ins. Co.,* 01-2159 (La.App. 1 Cir. 9/27/02), 834 So.2d 445, a case which concluded that an automobile accident victim had waived her UM claim when she settled with the liability insurer for the policy limits of $10,000.00 after trial on the merits wherein her damages were assessed at $20,000.00.

In the instant case, unlike in *Westerman*, Gaspard specifically reserved her rights against her own UM insurer. She filed suit against that insurer prior to the signing of the judgment of dismissal of the liability insurer. She settled for the limits of the liability policy prior to trial and without any judicial assessment of damages. Consequently, we find the *Westerman* case distinguishable and, therefore, we need not comment on the correctness of that first circuit decision.

Concerning the procedural rules raised by Allstate, we find Article 425 of the Code of Civil Procedure cannot operate to bar the plaintiff's action herein. Article

2

425 requires a party to "assert all causes of action arising out of the same transaction or occurrence that is the subject matter of the litigation." The statute contains no penalty provision; rather, it is merely a reference to the principles of *res judicata*. In *Walker v. Howell,* 04-246, p.2 (La.App. 3 Cir. 12/15/04), ____ So.2d ____, this court held, "an exception of *res judicata* is the proper procedural vehicle to enforce [Article 425 and Article 1061]s' mandates by barring claims that were or could have been litigated in a previous lawsuit." The court explained that all of the elements of *res judicata*, however, must be met before such an exception may be maintained. In the instant case, the requisite elements for a viable plea of *res judicata*, such as identity of parties, are not present. *See,* La. R.S. 13:4231. Accordingly, the provisions of Article 425 do not serve as a bar to Gaspard's cause of action against Allstate in this matter.

For the above and foregoing reasons, the judgment of the trial court is reversed, and this matter is remanded for further proceedings. Costs of this appeal are assessed to Allstate Insurance Company.

**REVERSED AND REMANDED.**