*1233
 
 GASKINS, J.
 

 Ijn this suit against the Louisiana Department of Transportation and Development (DOTD), the plaintiffs claim they were injured in a two-vehicle accident caused by the other driver losing control of his vehicle, allegedly due to ruts in a roadway maintained by DOTD. They appeal from a trial court judgment sustaining the exception of no cause of action filed by DOTD and dismissing their suit. We reverse and remand.
 

 FACTS
 

 On June 27, 2004, the plaintiffs were traveling north on Highway 71 in Bossier Parish. Eddie G. Ward, Sr. was driving a 2004 Chevrolet Impala, and Patricia Ward was a passenger. Jarret N. Barrett was traveling south in a 2001 GMC Sierra pickup truck. After passing another southbound vehicle, Barrett was reentering his travel lane when he allegedly lost control of his truck, which then collided with the plaintiffs’ car. Both of the Wards were injured.
 

 On May 11, 2005, the plaintiffs filed the present suit (# 117,079) against DOTD, alleging that ruts in the roadway contributed to Barrett losing control of his truck and that the ruts were caused by DOTD’s failure to properly maintain Highway 71.
 
 [1]
 

 The next day, on May 12, 2005, the plaintiffs filed a separate suit (# 117,086) against Jarret Barrett, Larry D. Barrett, and their insurer, United Services Automobile Association (USAA), for the same damages arising from the same accident. However, in that suit, the plaintiffs alleged only the |2fault of the Barretts and made no mention of ruts in the road contributing to the accident. DOTD asserted without contradiction that the plaintiffs dismissed this suit with prejudice in June 2007, after the concursus judgment discussed
 
 infra.
 

 On December 16, 2005, USAA filed a suit for a concursus (# 118,822) for all damages arising from the accident.
 
 [2]
 
 Among the defendants were the Wards and LSU Health Sciences Center (LSUHSC); however, DOTD was not named as a party to this suit. USAA deposited its policy limits into the registry of the court. In February 2007, a consent judgment was entered in the concursus proceeding for division of the monies on deposit.
 

 On April 4, 2008, DOTD filed an exception of no cause of action in the instant suit (# 117,079), arguing that the plaintiffs improperly split their cause of action, citing the two other suits related to the accident. As a result, DOTD contended that the plaintiffs’ claims were extinguished and precluded by judgment pursuant to La. C.C.P. art. 425(A). In response, the plaintiffs argued that undeh the doctrine of
 
 res judicata,
 
 two causes of action were permitted.
 

 A hearing on the exception was held on June 16, 2008. The trial court sustained the exception of no cause of action and dismissed the plaintiffs’ claims with prejudice. Judgment was signed that same day. The plaintiffs appeal.
 

 JjLAW
 

 Res judicata
 
 is governed by La. R.S. 13:4231:
 

 
 *1234
 
 Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
 

 (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
 

 (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
 

 (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment. [Emphasis added.]
 

 Exceptions to the general rule of
 
 res judicata
 
 are set forth in La. R.S. 13:4232; in relevant part, it states:
 

 A. A judgment does not bar another action by the plaintiff:
 

 (1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
 

 (2) When the judgment dismissed the first action without prejudice; or,
 

 (3) When the judgment reserved the right of the plaintiff to bring another action.
 

 Without identity between the parties in the first and subsequent actions, an exception of
 
 res judicata
 
 will not be maintained.
 
 Hudson v. City of Bossier,
 
 33,620 (La.App.2d Cir.8/25/00), 766 So.2d 738,
 
 writ denied,
 
 2000-2687 (La.11/27/00), 775 So.2d 450. Identity of parties does not mean that the parties must be the same physical or material parties, but they must appear in the suit in the same quality or capacity.
 
 Hudson, supra.
 

 Preclusion by judgment is found in La. C.C.P. art. 425(A), which provides:
 

 14A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.
 

 When the
 
 res judicata
 
 law was revised in 1990, La. C.C.P. art. 425 was amended in the same act to expand its scope “to reflect the changes made in the defense of
 
 res judicata
 
 and [to put] the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised.” See Acts 1990, No. 521; La. C.C.P. art. 425, Comment — 1990.
 

 La. C.C.P. art. 425 operates in tandem with the
 
 res judicata
 
 statutes and they must be read
 
 in para materia. Walker v. Howell,
 
 2004-246 (La.App. 3rd Cir.12/15/04), 896 So.2d 110;
 
 Butler v. United States Automobile Association Insurance Company,
 
 2004-2562 (La.App. 1st Cir.12/22/05), 928 So.2d 53,
 
 writ denied,
 
 2006-0182 (La.4/24/06), 926 So.2d 546. An exception of
 
 res judicata
 
 is the proper procedural vehicle to enforce La. C.C.P. art. 425’s mandate by barring claims that were or could have been litigated in a previous lawsuit.
 
 Walker, supra.
 
 While La. C.C.P. art. 425 requires a party to “assert all causes
 
 of
 
 action arising out
 
 of
 
 the transaction or occurrence that is the subject matter of the litigation,” it contains no penalty provision; rather, it is merely a reference to the principles of
 
 res judicata. Gaspard v. Allstate Insurance Company,
 
 2004-1502 (La.App. 3rd Cir.5/4/05), 903 So.2d 518,
 
 writ denied,
 
 2005-1510 (La.12/16/05), 917 So.2d 1114;
 
 Butler, su-
 
 
 *1235
 

 pm; Spires v. State Farm Mutual Automobile Ins. Co.,
 
 2008-573 (La.App. 3rd Cir.11/5/08), 996 So.2d 697. All of the elements of
 
 res judicata,
 
 such as identity of parties, |5must be met for an exception to enforce La. C.C.P. art. 425 to be maintained.
 
 Gaspard, supra.
 

 DISCUSSION
 

 The plaintiffs argue that under
 
 res judicata,
 
 they are not barred from pursuing multiple law suits. Under the circumstances presented here, we agree.
 

 According to DOTD, the plaintiffs were obliged under La. C.C.P. art. 425(A) to assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation. DOTD argues that that article is designed to prevent re-litigation of the same issues over and over. Specifically, DOTD maintains that the plaintiffs split their cause of action and should have third-partied it into the eoncursus proceeding.
 
 [3]
 

 DOTD would not have been a proper party in the eoncursus proceeding. In an injury claim, only the casualty insurer, admitting liability for the full amount of the insurance coverage, may implead a concur-sus proceeding. La. C.C.P. art. 4652. A eoncursus proceeding is one in which two or more persons having competing or conflicting claims to money, property, or mortgages or privileges on property are impleaded and required to assert their respective claims contradictorily against all other parties to | fithe proceeding. La. C.C.P. 4651. In this eoncursus proceeding, where the insurance money was deposited and the defendants were potential claimants to the money, it would have been improper to third-party DOTD, who was not a potential claimant. DOTD was not a party to the eoncursus proceeding, nor should it have been. Therefore, we find the trial court erred in granting DOTD’s exception and dismissing the plaintiffs suit.
 

 CONCLUSION
 

 The judgment of the trial court granting DOTD’s exception of no cause of action is reversed, and the matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed, to the extent permitted by law, to the appellee.
 

 REVERSED AND REMANDED.
 

 [1]
 

 . On November 2, 2006, DOTD filed an answer in which it also asserted an exception of vagueness as to the allegations of fault and damages, its statutory defenses, comparative fault, and fault of third persons. On March 26, 2008, the plaintiffs filed their first amended petition, expanding the allegations as to their damages and DOTD’s fault.
 

 [2]
 

 . While no copy of this suit is found in the appellate record, the plaintiffs admitted to its basic facts in their memorandum in opposition to DOTD’s exception.
 

 [3]
 

 . The plaintiffs respond that DOTD was made a party to the eoncursus through another state agency, LSUHSC. DOTD, as a department of the state, is a state agency for purposes of statutes pertaining to suits against the state, state agencies, or political subdivisions. La. R.S. 13:5101,
 
 et seq.; Scott v. Clark,
 
 583 So.2d 938 (La.App. 1st Cir.1991). So is LSUHSC. See
 
 Taylor v. LSU Medical Center,
 
 38,944 (La.App.2d Cir. 10/14/04), 892 So.2d 581,
 
 writ denied,
 
 2005-0480 (La.5/20/05), 902 So.2d 1049. However, we are unaware of any authority for the proposition that DOTD and LSUHSC are interchangeable as parties in litigation. Nor is there any authority that we are aware of that supports the position that naming one state agency as a party in a lawsuit makes another completely unrelated state agency a party for
 
 res judicata
 
 purposes when nothing in the lawsuit suggests any involvement or connection to the unrelated state agency.
 

 This argument does not help plaintiffs. If DOTD had been a party to the eoncursus, then the judgment would most likely have precluded any further action against DOTD as being
 
 res judicata.
 
 See
 
 Rehabilitation Concepts Plus, Inc. v. Wills,
 
 42,400 (La.App.2d Cir. 10/10/07), 968 So.2d 262.