GARRETT, J.
Lin this tort suit brought by an assistant principal allegedly injured by a student, the Caddo Parish School Board (CPSB) appeals from a trial court judgment granting an exception of res judicata brought by the plaintiff, Kamithia D. Penton, which dismissed its intervention seeking reimbursement of worker’s compensation bene *742 fits. We reverse the trial court judgment and remand for further proceedings.
FACTS
The underlying facts of the tort case in which the intervention was filed were discussed in detail in Penton v. Castellano, 48,433 (La.App.2d Cir.10/23/13), 127 So.3d 944, writs denied, 2013-2687 (La.2/7/14), 131 So.3d 867, and 2013-2725 (La.2/7/14), 131 So.3d 869 (Penton I). Briefly, a ydung student had an extensive disciplinary record at both private and public schools. After 'being suspended from Summer Grove Elementary School, a public school, the child was admitted to Brent-wood Hospital, where he was diagnosed as being bipolar. After returning to the public school, his disruptive and physically violent behavior continued. Ms; Penton, the assistant principal and disciplinarian at Summer Grove, urged the principal, Pamela Bloomer, to remove the child — who was in second grade — from the school due to the danger he posed to the other students and staff. The principal refused due to the lack of an alternative school for a child his age. Shortly thereafter, Ms. Penton was tripped and injured by the child on November 3, 2010, while escorting him to the school office after another violent outburst. Approximately one week later, the child was expelled from Summer Grove and transferred to another school.
|?On October 12, 2011, Ms. Penton filed suit seeking damages for her personal injuries. Named as defendants were the child’s divorced parents; Ms. Bloomer; and the CPSB, in its capacity as Ms. Bloomer’s employer. The petition asserted that Ms. Bloomer intentionally refused to fulfill her duties by allowing the child to return to Summer Grove when there was a “substantial certainty” he would injure someone and that the CPSB was responsible for her intentional acts.' In an amended petition, State Farm Fire & Casualty Company was added as a defendant as the insurer of each parent.
In response to the suit, the CPSB and Ms. Bloomer filed an answer and peremptory exception of no cause of action on October 27, 2011, in which they asserted that Ms. Penton’,s exclusive remedy against the CPSB was worker’s compensation and, alternatively, pled the comparative fault of Ms. Penton and the child. In February 2012, they filed an answer to the amended petition, as well as exceptions of confusion and no right of action. In relevant part, these pleadings stated:
24.
The Caddo Parish School Board has paid and continues to pay Kamithia D. Penton her full salary and all her medical bills as part of [its] obligation under the workers compensation laws.
25.
The Caddo Parish School Board is entitled to be reimbursed for those benefits it pays to Kamithia D. Penton pursuant to La. R.S. 23:1101 et. seq. against any third party who may be liable to Kamit-hia D. Penton in her third party action.
26.
If it is determined that the Caddo Parish School Board has' liability to Pamela [sic] D. Penton then the school board would be both creditor and debtor to the extent of [its] payments to Kamithia D. Penton and 13hence the obligation is extinguished through the legal doctrine of confusion.
27.
Because the Caddo Parish School Board is legally subrogated to all rights that Kamithia D. [Penton] has for medical expense and disability damages Kamit-hia D. Penton has no right of action for these amounts.
*743 In February 2013, the CPSB and Ms. Bloomer filed a motion for summary judgment. They asserted that Ms. Penton could not establish an intentional tort and that her sole remedy against the CPSB was in worker’s compensation, and that she had, in fact, already made a worker’s compensation claim and received full benefits. They also alleged that La. R.S. 17:416 (which establishes the procedures for the discipline, suspension and expulsion of students) did not impose a duty upon Ms. Bloomer to expel the child. Although the trial court denied the motion, their writ to this court was granted and made peremptory. Penton v. Castellano, 48,428 (La.App.2d Cir.5/23/13) (Penton II). We stated:
The applicants, the Caddo Parish School Board and Pamela S. Bloomer, seek review of the trial court’s denial of their motion for summary judgment. We conclude that the applicants are entitled to summary judgment because the plaintiff cannot establish that her injuries resulted from an intentional act by the applicants. Therefore, this writ is granted and made peremptory. The judgment of the trial court is hereby reversed and judgment is entered in the applicants’ favor, dismissing them from the suit.
In the meantime, the child’s mother was dismissed from the suit by summary judgment; the dismissal was affirmed on appeal.[1] The child’s father, who was the domiciliary parent, and his insurer were also initially dismissed from the suit by the trial court pursuant to a motion for summary [Judgment and an exception of no right of action; however, this court reversed that decision on appeal. The matter was remanded for further proceedings. The Louisiana Supreme Court denied writs on February 7, 2014. See Penton I, supra.
On March 19, 2014, the trial court set the matter between the remaining parties (the plaintiff, the child’s father and his insurer) for jury trial on July 21, 2014. The scheduling order directed that all amended pleadings be filed within 30 days of the date of the order and all dispositive motions 90 days before trial. Thereafter, on March 27, 2014, the father and his insurer filed an amended answer asserting the payment of worker’s compensation benefits to the plaintiff as an affirmative defense and requesting an offset for any sums she received in payment for medical bills, mileage and/or lost wages.
On May 6, 2014, the CPSB, in its capacity as Ms. Penton’s employer, filed a petition of intervention alleging that it had paid $81,661.62 in medical expenses as a result of the injuries sustained by the plaintiff in the accident at issue which occurred in the course and scope of her employment.[2] It sought to recover, by preference and priority, the sums it had paid or might in the future have to pay to and on behalf of Ms. Penton and to receive a credit against future payments should her recovery be sufficient. The trial court signed an order allowing the intervention.
In response to the petition of intervention, Ms. Penton filed an exception of res judicata, contending that the intervention sought to present | Ba claim which was subject to a compulsory pleading and which the CPSB was obligated to bring prior to its previous dismissal from the suit. Attached to the exception as exhibits were copies of the plaintiffs original petition, the original answer and peremptory exception of no cause of action filed by the *744 CPSB and Ms. Bloomer in October 2011, the writ grant in favor of the CPSB and Ms. Bloomer, and the CPSB’s petition of intervention. Ms. Penton cited the answer in support of her contention that no recon-ventional demand or cross claim to recover worker’s compensation benefits had been made by the CPSB. The exception was set for argument on June 16, 2014.
Before the exception was heard in court, a settlement was reached as to the liability of the father and his insurer for Ms. Pen-ton’s injuries.[3] The motion and judgment of dismissal, which was jointly presented to the trial court on June 4, 2014, by the attorneys for Ms. Penton, the CPSB, and the father and his insurer provided, in pertinent part:
NOW INTO COURT, through undersigned counsel, comes and appears Kam-ithia D. Penton and the Caddo Parish School Board who represent and show that they wish to dismiss their claims against [the child’s father and his insurer], with prejudice, reserving any and all | ^rights as those rights relate to claims by and between Kamithia D. Penton and the Caddo Parish School Board ...; Considering the above and foregoing;
IT IS HEREBY ORDERED that the claims of Kamithia D. Penton and the Caddo Parish School Board against [the child’s father and his insurer] are hereby dismissed, with prejudice, at the cost of [the insurer] and with Kamithia D. Penton and the Caddo Parish School Board reserving any and all rights as concerns the intervention filed of record and as those rights concern claims between Kamithia D. Penton and the Cad-do Parish School Board.
On June 16, 2014, the exception of res judicata was argued. The trial judge, who had recently rotated into the civil section handling the case, took the matter under advisement. He observed that, while there had been extensive litigation in the case, this was his first involvement in any contested issues.
In August 2014, the trial court issued a brief written ruling wherein it sustained the exception and dismissed the petition of intervention. The ruling referenced only the original answer and exception filed by the CPSB on October 27, 2011. The trial court reasoned that, prior to being dismissed from the suit by the appellate court in May 2013, the CPSB failed to file a reconventional demand or a claim for reimbursement of medical expenses paid on Ms. Penton’s behalf, as required by La. C.C.P. art. 1061(B). Because the CPSB was dismissed from the suit by a final and definitive judgment, which removed it from any further involvement in the suit, and its cause of action for reimbursement was directly related to the plaintiffs petition for damages, the trial court found that the petition of intervention was barred by res judicata. Judgment in conformity with the opinion was |7signed on August 20, 2014, sustaining the exception and dis *745 missing the petition of intervention at the CPSB’s cost. The CPSB appealed.
LAW

Res Judicata

The standard of review of a ruling sustaining an exception of res judicata is manifest error when the exception is raised prior to the case being submitted and evidence is received from both parties. Jones ex rel. Jones v. GEO Group, Inc., 2008-1276 (La.App. 3d Cir.4/1/09), 6 So.3d 1021. The res judicata effect of a prior judgment is a question of law that is reviewed de novo on appeal. Alpine Meadows, L.C. v. Winkler, 49,490 (La.App.2d Cir.12/10/14), 154 So.3d 747, writ denied, 2015-0292 (La.4/24/15), 169 So.3d 357, 2015 WL 2184281. Since no evidence was adduced in the instant case, the parties are in agreement that we review the matter de novo.
The doctrine of res judicata is stricti juris, and any doubt concerning application of res judicata must be resolved against its application. Wilson v. Allums, 47,147 (La.App.2d Cir.6/8/12), 94 So.3d 908, writ denied, 2012-1611 (La.10/26/12), 99 So.3d 650. The party urging the exception bears the burden of proving its essential elements by a preponderance of the evidence. If there is any doubt as to its applicability, the exception must be overruled. Eddens v. Exceptional Client Care, LLC, 48,747 (La.App.2d Cir.2/26/14), 135 So.3d 784.
Louisiana law on res judicata is set forth in La. R.S. 13:4231, which states:
1 ^Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1)If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
La. R.S. 13:4232 provides, in pertinent part:
A. A judgment does not bar another action by the plaintiff:
(1) When exceptional circumstances justify relief from the res judicata effect of the judgment;
(2) When the judgment dismissed the first action without prejudice; or,
(3) When the judgment reserved the right of the plaintiff to bring another action.
Under the res judicata statute, a second action is precluded when the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of the final judgment in the first litigation; and (5) the cause or causes of action in the second suit arose out of the same transaction or occurrence that was the subject matter of the first litigation. Burguieres v. Pollingue, 2002-1385 (La.2/25/03), 843 So.2d 1049; Alpine Meadows, L.C. v. Winkler, supra. Whether the cause of action asserted in |3the *746 second suit arises out of the same transaction or occurrence which was the subject matter of the first suit is the chief inquiry. Alpine Meadows, L.C. v. Winkler, supra.
Res judicata forecloses both the relitigation of matters that have not been litigated but should have been raised in the earlier suit (claim preclusion) and matters previously litigated and decided (issue preclusion). Alpine Meadows, L.C. v. Wink-ler, supra. This doctrine serves public policy interests by promoting judicial efficiency and fairness between the parties. Wagoner v. Chevron USA Inc., 48,119 (La.App.2d Cir.7/24/13), 121 So.3d 727, writs denied, 2013-2037 (La.11/15/13), 126 So.3d 470; 2013-2041 (La.11/15/13), 126 So.3d 471; 2013-2466 (La.11/15/13), 126 So.3d 473; and 2013-2272 (La.11/15/13), 129 So.3d 523. It also promotes the final resolution of disputes. Hawthorne v. Couch, 41,603 (La.App.2d Cir.12/20/06), 946 So.2d 288, writ not con., 2007-0173 (La.3/16/07), 952 So.2d 685.
While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where the opposing parties have entered into a compromise or settlement of a disputed matter. Thus, compromises have the legal efficacy of the thing adjudged. Flanigan v. City of Shreveport, 45,459 (La.App.2d Cir.10/27/10), 50 So.3d 938.
Res judicata does not bar a subsequent claim between the same parties if the parties appear in a different capacity. Burguieres v. Pollingue, supra; Wagoner v. Chevron USA Inc., supra. Identity of parties does not mean that the parties must be the same physical or material parties; rather, it |inmeans that the parties must appear in the suit in the same quality or capacity. Alpine Meadows, L.C. v. Winkler, supra.
La. C.C.P. art. 425, which deals with preclusion by judgment, states in relevant part:
A. A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation.
The 1990 Comment to this article demonstrates that this provision “expands the scope of this Article to reflect the changes made in the defense of res judicata and puts the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised.”

Compulsory Reconventional Demands

La. C.C.P. art. 1601 provides:
A. The defendant in the principal action may assert in a reconventional demand any causes of action which he may have against the plaintiff in the principal action, even if these two parties are domiciled in the same parish and regardless of connexity between the principal and reconventional demands.
B. The defendant in the principal action, except in an action for divorce under Civil Code Article 102 or 103 or in an action under Civil Code Article 186, shall assert in a reconventional demand all causes of action that he may have against the plaintiff that arise out of the transaction or occurrence that is the subject matter of the principal action. (Emphasis added.)

Worker’s Compensation

La. R.S. 23:1101 et seq., discusses employee and employer suits against third persons. La. R.S. 23:1101 states, in pertinent part:
B. Any person having paid or having become obligated to pay compensation under the provisions of this Chapter may bring suit in district court against *747 such third person to recover any amount which he has paid or becomes obligated to pay as compensation to such In employee or his dependents. The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependents against the third person, and where the recovery of the employee is decreased as a result of comparative negligence, the recovery of the person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage. The amount of any credit due the employer may be set in the judgment of the district court if agreed to by the parties; otherwise, it will be determined pursuant to the provisions of R.S. 23.T102(A).
The right of intervention by an employee or employer in such a suit brought by the other against a third person is authorized in La. R.S. 23:1102(A)(1), which provides:
If either the employee or his dependent or the employer or insurer brings suit against a third person as provided in R.S. 23:1101, he shall forthwith notify the other in writing of such fact and of the name of the court in which the suit is filed, and such other may intervene as party plaintiff in the suit.
La. R.S. 23:1103(A)(2) states:
No compromise with such third person by either the employer or the injured employee or his dependent shall be binding upon or affect the rights of the others unless assented to by him.
The law of intervention is generally set forth in La. C.C.P. art. 1091. It states:
A third person having an interest therein may intervene in a pending action to enforce a right related to or connected with the object of the pending action against one or more of the parties thereto by:
(1) Joining with plaintiff in demanding the same or similar relief against the defendant;
(2) Uniting with defendant in resisting the plaintiffs demand; or
(3) Opposing both plaintiff and defendant.
This court has previously taken a liberal view of interventions. Williams v. Jefferson, 586 So.2d 666 (La.App. 2d Cir.1991). For an | ^intervention, it is sufficient that the intervenor have a justiciable right related to or connected with the object of the pending action against one or more of the parties thereto. To enforce this right, the intervenor may proceed in one of three ways listed in the code article. Biggs v. Hatter, 45,066 (La.App.2d Cir.3/3/10), 32 So.3d 355.
An intervention, like a reconvention, is an incidental demand. La. C.C.P. art. 1031. La. C.C.P. art. 1032 provides that an incidental demand by the defendant may be incorporated in an answei*.
DISCUSSION
Based upon our de novo review of the entire record, we conclude that the plaintiff failed to carry her burden of proving the essential elements of her exception of res judicata for the reasons discussed below.
The trial court granted the exception by reasoning that, prior to its dismissal from the suit in May 2013, the CPSB failed to file a reconventional demand or a claim for reimbursement of medical expenses, as required by La. C.C.P. art. 1061(B). However, our review of the entire record reveals that the CPSB did, in fact, urge — albeit in an unusual fashion — its statutory entitlement to reimbursement in its February 2012 pleading, which was described earlier in this opinion. While the original answer *748 was attached to the exception as an exhibit for the benefit of the recently assigned trial judge, the February 2012 pleading was not. This pleading clearly urged the CPSB’s rights under the Louisiana worker’s compensation statutes.
[ ^Furthermore, we find that La. C.C.P. art. 1061 is inapplicable to the circumstances presented in the instant matter. That article contemplates a defendant bringing a claim against the plaintiff. In filing its petition of intervention, CPSB was not bringing a claim against the plaintiff, its injured employee. Rather, its intervention was premised on its mutual cause of action with the plaintiff and against the tortfeasor.
According to the jurisprudence, the employer who pays benefits to an injured employee and the employee are “co-owners of a property right consisting of a right to recover damages from the third person.” Moody v. Arable, 498 So.2d 1081 (La.1986); St. Tammany Parish Sch. Bd. v. Bullinger, 2014-0940 (La.App. 1st Cir.12/23/14), 168 So.3d 493, 2014 WL 7275982; City of Alexandria v. Lafayette Surgical Hosp., L.L.C., 2006-1346 (La.App. 3d Cir.3/7/07), 953 So.2d 1019. The claims of the employee and the employer’s compensation insurer arise from “the same cause of action.” Louviere v. Shell Oil Co., 440 So.2d 93 (La.1983); Roger v. Estate of Moulton, 513 So.2d 1126 (La.1987).[4]
We also note that the judgment dismissing the claims against the child’s father and his insurer specifically reserved “any and all rights as concerns the intervention filed of record and as those rights concern claims between” Ms. Penton and the CPSB. This judgment was signed by counsel for all parties. Consequently, we find that the CPSB’s right to litigate its request for reimbursement was specifically preserved, not waived, by the 114settlement. Additionally, we find that res judicata does not bar the CPSB’s claims as an interve-nor. In the intervention, the CPSB asserts, only its rights as specified in La. R.S. 23:1101 et seq. The CPSB was originally drawn into the suit by the plaintiff when she named it as a defendant, asserting that it had vicarious liability for the alleged wrongful conduct of its employee, Ms. Bloomer. These claims made by the plaintiff against the CPSB had nothing to do with its status as her own employer. Thus, the CPSB has appeared in the suit in two totally different capacities — first, as a defendant allegedly vicariously liable to the plaintiff, and second, as an intervenor seeking reimbursement for benefits paid to and on behalf of the plaintiff. As previously noted, res judicata does not bar a subsequent claim between the same parties if the parties appear in a different capacity. See Burguieres v. Pollingue, supra; Wagoner v. Chevron USA Inc., supra.
In its arguments to the trial court, Ms. Penton also complained about the late filing of the intervention in support of its exception. This argument fails to recognize that all of Ms. Penton’s tort actions had been dismissed either by the trial court or by this court during all of the protracted proceedings below and before this court. It was not until February 7, 2014, when the supreme court denied writs in Penton I, that the litigants knew what tort claims were still viable, i.e., the claims against the father and his insurer. Shortly after this, the matter was set for a jury trial. The CPSB filed its intervention in early May 2014.
*749 Given the information in the appellate record showing that'the CPSB raised its reimbursement claim even before the filing of its petition for | ^intervention, that it reserved its rights in the settlement agreement and the judgment dismissing the child’s- father and his insurer, and its appearance in a different capacity in the petition of intervention, we find that the plaintiff has failed to carry her burden of proof on her exception of res judicata. Accordingly, we find that the trial court erred in sustaining the exception.
CONCLUSION
The judgment of the trial court sustaining the plaintiffs exception of res judicata is reversed, and the matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against the plaintiff, Kamithia D. -Penton.
REVERSED AND REMANDED.
APPLICATION FOR REHEARING
Before BROWN, STEWART, DREW, MOORE, and GARRETT, JJ.
Rehearing denied.

. The mother's insurer was subsequently dismissed by a joint motion.

. The CPSB is self-insured for worker's compensation benefits.

. The settlement documents are not found in the appellate record. However, the CPSB recites in its brief to this court that the insurer paid its policy limits of $100,000 into the trust account of Ms. Penton’s lawyer. Furthermore, the plaintiff's reply memorandum in support of her exception of res judicata quotes the settlement language which is relevant to the instant matter as follows:
Kamithia Penton and the Caddo Parish School Board agree any and all claims they have against [the child’s father and his insurer] which are brought in the suit entitled, “Kamithia Penton v. Michael A. Castel-lano, et al. ” will be fully dismissed, with prejudice, at cost to [the child's father and his insurer], and hereby instruct their attorneys to accomplish the same. The Appear-ers further represent and warrant that the intervention as concerns the claims between Kamithia D. Penton and the Caddo Parish School Board will be reserved.

. We note that the treatise author acknowledges "plausible authority" on both sides of the question of single versus multiple causes of actions. See H. Alston Johnson, III, Workers' Compensation Law and Practice § 367, in 14 La. Civ. L. Treatise (5th ed.)