Judgment rendered June 15, 2022
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 54,450-CA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

| | |
|---|---|
| MOTOR PARTS SERVICE OF COMPANY, INC. | Plaintiff-Appellant |

versus

| | |
|---|---|
| CHRISTOPHER JAMES COLBERT, ROBERT COREY COOPER AND GORDON G. GRANT, III | Defendants-Appellees |

* * * * *

Appealed from the
Third Judicial District Court for the
Parish of Lincoln, Louisiana
Trial Court No. 61,234

Honorable Chet D. Traylor *(Ad Hoc)*, Judge

* * * * *

| | |
|---|---|
| LAW OFFICE OF MICHAEL S. COYLE<br>By: Michael S. Coyle | Counsel for Appellant,<br>Motor Parts Service<br>Co., Inc. |
| LAW OFFICE OF CHRIS L. BOWMAN<br>By: Chris L. Bowman | Counsel for Appellee,<br>Gordon G. Grant, III |
| CODY W. RIALS | Counsel for Appellee,<br>Christopher J. Colbert |
| HUDSON, POTTS & BERNSTIEN, LLP<br>By: Gordon L. James | Counsel for Appellee,<br>Robert C. Cooper |

* * * * *

Before MOORE, PITMAN, COX, HUNTER, and
MARCOTTE, JJ.

PITMAN, J., dissents. I believe the trial court was correct.

**MARCOTTE, J.**

The plaintiff, Motor Parts Service Company, Inc. ("Motor Parts"), appeals a trial court judgment granting an exception of *res judicata* in favor of one of the defendants, Gordon G. Grant, III, and dismissing the claims against him with prejudice. For the reasons stated herein, we reverse the judgment of the trial court and remand this matter for further proceedings.

## FACTS

In July 2014, CCG Investments, LLC, d/b/a Premier Car Care ("Premier"), gave Motor Parts a credit application to purchase goods and merchandise on open account. The application contained a guaranty by the defendants, Christopher James Colbert, Robert Corey Cooper, and Gordon G. Grant, III, agreeing to be bound in solido for all indebtedness incurred by Premier to Motor Parts. Premier purchased items from Motor Parts from November 2016 through March 2017. When Premier failed to pay, Motor Parts filed suit on open account against Premier. On May 21, 2018, Motor Parts obtained a consent judgment against Premier in the amount of $17,783.95, with legal interest from the date of judicial demand, attorney fees of 20 percent, and costs. The consent judgment was not paid.

On September 9, 2020, Motor Parts filed a petition to recover under the guaranty agreement, naming Colbert, Cooper, and Grant as defendants. Motor Parts asserted that, under the guaranty agreement, each defendant agreed to be bound in solido for all indebtedness of Premier to Motor Parts. On November 20, 2020, Motor Parts filed a supplemental and amending petition attaching the credit application with the guaranty.

On December 15, 2020, Defendants Grant and Cooper filed exceptions of *res judicata*. Grant argued that Motor Parts was in possession

of the guaranty at the time it filed the original suit in which the consent judgment was signed. According to Grant, because he was not added to the original suit, the present claim is now barred by *res judicata*.

Motor Parts filed an opposition to the exceptions filed by Grant and Cooper, noting that only Grant had set his exception for argument. It argued that La. R.S. 13:4321 requires that the judgment must be between the same parties. In this case, Grant was not a party to the consent judgment.

On April 8, 2021, a short hearing on the exception was held in the trial court, at which Motor Parts introduced the petition on open account and the consent judgment. The matter was then submitted on briefs. Without reasons, the trial court orally, and by subsequent written judgment, granted the exception and dismissed with prejudice Motor Parts' claim against Grant.

Motor Parts now appeals.

## DISCUSSION

Motor Parts argues that the trial court erred in granting the exception of *res judicata* because the parties in the guaranty case are not the same as those in the suit on open account. The company claims that the prior suit is not being relitigated or disputed in the present suit. According to Motor Parts, any doubt as to the application of *res judicata* is to be resolved against its application.

The standard of review of a ruling on an exception of *res judicata* is manifest error when the exception is raised before the case is submitted and evidence is received from both sides. *Barnett v. Louisiana Med. Mutual Ins. Co.*, 51,908 (La. App. 2 Cir. 5/23/18), 248 So. 3d 594, *writ denied*, 18-0944 (La. 9/28/18), 253 So. 3d 154; *Toliver v. Entergy Servs., Inc.*, 49,954 (La.

2

App. 2 Cir. 6/24/15), 169 So. 3d 774, *writ denied*, 15-1633 (La. 10/30/15), 180 So. 3d 299. The *res judicata* effect of a prior judgment is a question of law that is reviewed de novo on appeal. *Penton v. Castellano*, 49,843 (La. App. 2 Cir. 6/24/15), 169 So. 3d 739, 745; *Alpine Meadows, L.C. v. Winkler*, 49,490 (La. App. 2 Cir. 12/10/14), 154 So. 3d 747, *writ denied*, 15-0292 (La. 4/24/15), 169 So. 3d 357. Here, the pertinent pleadings were introduced and the matter submitted on briefs; thus, we will conduct a de novo review of the ruling on the exception.

*Res judicata* bars relitigation of a subject matter arising from the same transaction or occurrence of a previous suit. La. R.S. 13:4231. All of the following elements must be satisfied in order for *res judicata* to preclude a second action: (1) the first judgment is valid; (2) the first judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Id.*; *Burguieres v. Pollingue,* 02-1385 (La. 2/25/03), 843 So. 2d 1049.

The doctrine of *res judicata* serves public policy interests by promoting judicial efficiency and fairness between the parties. *Thomas v. Marsala Beverage Co.*, 52,898 (La. App. 2 Cir. 11/20/19), 284 So. 3d 1212, 1218; *Penton, supra*; *Alpine Meadows, supra*; *Wagoner v. Chevron USA, Inc.*, 48,119 (La. App. 2 Cir. 7/24/13), 121 So. 3d 727, *writs denied*, 13-2037 (La. 11/15/13), 126 So. 3d 470; 13-2041 (La. 11/15/13), 126 So. 3d 471; 13-2466 (La. 11/15/13), 126 So. 3d 473; and 13-2272 (La. 11/15/13), 129 So. 3d 523. It also promotes the final resolution of disputes. *Hawthorne v. Couch*, 41,603 (La. App. 2 Cir. 12/20/06), 946 So. 2d 288, *writ not con.*,

07-0173 (La. 3/16/07), 952 So. 2d 685. The party urging application bears the burden of proving the requisite elements by a preponderance of the evidence. *Penton, supra.*

In the instant case, there is no dispute that the first two elements of *res judicata* are met (i.e. the existence of a valid and final judgment.) The controversy here, rather, centers on whether the parties are the same in the first and second suits and whether the claims asserted arise out of the same transaction or occurrence such that any claim against Grant as guarantor must have been brought in the suit on open account.

Identity of parties does not mean that the parties must be the same physical or material parties; rather, it means that the parties must appear in the suit in the same quality or capacity. *Penton, supra*; *Thomas, supra*; *Alpine Meadows, supra*. Without identity between the parties in the first and subsequent actions, an exception of *res judicata* will not be maintained. *Ward v. State, Dep't of Transp. & Dev. (Off. of Highways)*, 43,948 (La. App. 2 Cir. 1/28/09), 2 So. 3d 1231, 1233-35, *writ denied*, 2009-0431 (La. 4/17/09), 6 So. 3d 791; *Hudson v. City of Bossier*, 33,620 (La. App. 2 Cir. 8/25/00), 766 So. 2d 738, *writ denied*, 00-2687 (La. 11/27/00), 775 So. 2d 450. Further, *res judicata* does not bar a subsequent claim between the same parties if the parties appear in a different capacity. *Penton, supra*; *Burguieres, supra*; *Wagoner v. Chevron USA, Inc., supra*.

Identity of parties depends on the circumstances of each case. *Mandalay Oil & Gas, LLC v. Energy Dev. Corp.*, 01-0993, (La. App. 1 Cir. 8/4/04), 880 So. 2d 129, *writ denied*, 04-2426 (La. 1/28/05), 893 So. 2d 72.

A party shall assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation. La. C.C.P. art. 425.

4

The 1990 Comment to this article demonstrates that this provision "expands the scope of this article to reflect the changes made in the defense of *res judicata* and puts the parties on notice that all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation must be raised." *Penton, supra.*

La. C.C.P. art. 425 operates in tandem with the *res judicata* statutes and they must be read *in para materia*. *Ward, supra*; *Walker v. Howell*, 04-246 (La. App. 3 Cir. 12/15/04), 896 So. 2d 110; *Butler v. United States Auto. Assoc. Ins. Co.*, 04-2562 (La. App. 1 Cir. 12/22/05), 928 So. 2d 53, *writ denied*, 06-0182 (La. 4/24/06), 926 So. 2d 546. An exception of *res judicata* is the proper procedural vehicle to enforce La. C.C.P. art. 425's mandate by barring claims that were or could have been litigated in a previous lawsuit. *Ward, supra*; *Walker, supra*. While La. C.C.P. art. 425 requires a party to "assert all causes of action arising out of the transaction or occurrence that is the subject matter of the litigation," it contains no penalty provision; rather, it is merely a reference to the principles of *res judicata*. *Ward, supra*; *Gaspard v. Allstate Ins. Co.*, 04-1502 (La. App. 3 Cir. 5/4/05), 903 So. 2d 518, *writ denied*, 05-1510 (La. 12/16/05), 917 So. 2d 1114; *Butler, supra*; *Spires v. State Farm Mut. Auto. Ins. Co.*, 08-573 (La. App. 3 Cir. 11/5/08), 996 So. 2d 697, *writ denied*, 08-2871 (La. 2/6/09), 999 So. 2d 783. Critically, all of the elements of *res judicata*, such as identity of parties, must be met for an exception to enforce La. C.C.P. art. 425 to be maintained. *Gaspard, supra*.

In the case *sub judice*, we find that *res judicata* does not bar Motor Parts' action against Grant as guarantor. First, the initial suit was on open account against Premier, not a suit on the guaranty. While a member of the

Premier LLC, Grant was not individually named in the suit on open account as a guarantor or otherwise. Next, there was no identity of parties between Premier and Grant in the suit on open account that would bestow "same parties" status to Grant for purposes of *res judicata* in the suit on the guaranty. Even if by virtue of his membership in the LLC one were to convey some "privy" to Grant, the suit on open account did not concern the guaranty at all. Grant's status and capacity as individual guarantor was in no way represented or present in the suit on open account. The guarantors herein were not drawn into the litigation until Premier defaulted on payment of first, the account, and second, the amount owed pursuant to the consent judgment. Motor Parts' claims in the suit on open account "had nothing to do with" Grant's status as guarantor. See *Penton, supra*.

Grant summarily states that Motor Parts should have named the individual guarantors in the suit on open account; and, its failure to do so precludes, by application of *res judicata*, a subsequent suit against the individual guarantors. We disagree. While adding individual guarantors as defendants in this type of litigation is a common, and possibly preferential practice, harmonizing La. C.C.P. art. 425 with the principles of *res judicata,* open account, guaranty, and solidary liability supports our conclusion herein.

A contract of guaranty is equivalent to a contract of suretyship and the two terms may be used interchangeably. *Fleet Fuel, Inc. v. Mynex, Inc.*, 40,683 (La. App. 2 Cir. 3/8/06), 924 So. 2d 480, *writ denied*, 06-0762 (La. 6/23/06), 930 So. 2d 977; *Custom-Bilt Cabinet & Supply, Inc. v. Quality Built Cabinets, Inc.*, 32,441 (La. App. 2 Cir.12/8/99), 748 So. 2d 594; *Commercial National Bank v. Rowe*, 27,800 (La. App. 2 Cir. 1/24/96), 666

6

So. 2d 1312.  However, a personal guaranty is neither a negotiable instrument, **nor an open account**.  *N & F Logistic, Inc. v. Cathay Inn Int'l, Inc.*, 14-835 (La. App. 5 Cir. 4/15/15), 170 So. 3d 275; *Premier Brands, Inc. v. Martiny*, 377 So. 2d 864 (La. App. 4 Cir. 1979).

The accessorial nature of the contract of surety does not obligate the creditor to first proceed against the principal debtor rather than the surety to enforce a debt.  The creditor may sue the surety only, or he **may** join the surety and the principal in the same suit and get a judgment against both. *Indus. Equip. Sales & Serv. Co. v. Sec. Plumbing Inc.*, 95-572 (La. App. 5 Cir. 12/13/95), 666 So. 2d 1165, 1167; *Katz v. Innovator of Amer., Inc.*, 552 So. 2d 724 (La. App. 1 Cir. 1989); s*ee also Brock v. First State Bank & Tr. Co.*, 187 La. 766, 175 So. 569 (1937).  (Principals and guarantors who have bound themselves in solido, and unconditionally, may be jointly sued in the same proceeding, as a matter of right, to avoid a multiplicity of suits.)

Thus, in Louisiana, it is settled that a surety can be sued without his principal and the two may be joined in one suit.  However, the instant case presents the question of whether the surety must be joined in the initial suit with the principal. We decline to so hold.

In a contract of suretyship, "a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so."  La. C.C. art. 3035.  A surety is liable "for the full performance of the obligation of the principal obligor."  La. C.C. art. 3045.  In other words, the surety's liability is solidary with the principal's liability.  s*ee* La. C.C. art. 1794 ("An obligation is solidary for the obligors when each obligor is liable for the whole performance").  See also *Dictoguard, Inc. v. Lopeo*, 07-781 (La. App. 5 Cir. 3/25/08), 983 So. 2d 156.  ("A legal surety creates a separate and

distinct obligation from the underlying judgment, that obligation being a guaranty of the performance of the principal, in the event the principal cannot perform.")

The Louisiana Civil Code principles on solidarity provide that, "unless the obligation is extinguished," the obligee may pursue separate actions against the solidary obligors. La. C.C. art. 1795. This allows for the possibility of separate judgments. *Bank One v. SWC Corp.*, 36,043 (La. App. 2 Cir. 8/14/02), 823 So. 2d 1060; *Frank's Door & Bldg. Supply, Inc. v. Double H. Const. Co.*, 459 So. 2d 1273 (La. App. 1 Cir. 1984).

Grant agreed contractually to be jointly, severally, and solidarily liable for Premier's indebtedness to Motor Parts. As solidary obligors, Premier and Grant are liable to Motor Parts for full performance of the contract. Motor Parts' suit on open account was not a suit seeking to enforce Grant's individual guaranty securing Premier's debt and Motor Parts' subsequent suit on that guaranty was properly brought against Grant. The guaranty suit, if successful, will result in a separate judgment against a solidary obligor as contemplated by the above civil code articles.

In summary, after our de novo review of the record, we conclude that because Grant was a nonparty to the first suit, there exists no identity of parties between him and Premier, and Motor Parts was not required to add Grant as a defendant in the suit on open account. Since we further find that the suit on the guaranty is not a relitigation of the debt owed Motor Parts, we hold that *res judicata* does not bar the subsequent action against Grant as guarantor. See also *Burguieres v. Pollingue, supra*; *Wagoner v. Chevron USA, Inc., supra*. Accordingly, we find that the trial court erred in sustaining the exception.

**CONCLUSION**

The judgment of the trial court sustaining Gordon G. Grant, III's exception of *res judicata* is reversed, and the matter is remanded to the trial court for further proceedings. Costs of this appeal are assessed against the defendant, Gordon G. Grant, III.

**REVERSED AND REMANDED FOR FURTHER PROCEEDINGS**.