524 So.2d 97 (1988)
Richard ROBERTSON
v.
POPEYE'S FAMOUS FRIED CHICKEN, INC., et al.
No. CA-8851.
Court of Appeal of Louisiana, Fourth Circuit.
April 12, 1988.
Writ Denied June 2, 1988.
*98 William G. Cherbonnier, Jr., Gretna, for appellant A. Copeland Enterprises.
Porteous, Hainkel, Johnson, & Sarpy, Glenn B. Adams, Cynthia A. Bacher, New Orleans, for intervenor-appellant State Farm Fire & Cas. Co.
Before GULOTTA, C.J., and LOBRANO and WARD, JJ.
GULOTTA, Chief Judge.
Appealing in this trip and fall tort case, an intervening worker's compensation insurer, seeks an increase in the jury's $17,226.57 award. The defendant owner of the premises where the accident occurred has also appealed, contending that the full amount the jury's verdict recovered by intervener should be reduced to the sum of $5,167.97, because plaintiff was 70% at fault for the accident. Although we find no abuse of the jury's discretion in the quantum of the award, we reduce the judgment in favor of the intervenor by the percentage of fault attributable to plaintiff.
On December 24, 1980, while delivering frozen chicken in a Popeye's Famous Fried Chicken restaurant in the course and scope of his employment for Scanio Produce and Institutional Foods, Inc., Richard Robertson injured his back when he tripped and fell on a piece of machinery partially obstructing a hallway. He was treated and released from a hospital emergency room on the day of the accident for a condition diagnosed as low back strain with a contusion or bruise of his lower chest.
Robertson remained under a physician's care for lumbar strain until March 19, 1981, and, after being advised to return to his regular employment, worked in various jobs involving heavy manual labor. In March, 1982, however, a second physician determined that Robertson had a ruptured disc at the L5-S1 level, and performed a laminectomy. In a worker's compensation action against Scanio and its insurer, State Farm Insurance Company, Robertson ultimately obtained a judgment for total and permanent disability benefits based on the December 24, 1980 accident. Robertson v. Scanio Produce, Inc., 449 So.2d 459 (La. 1984).
When Robertson filed the instant tort action against Popeye's Famous Fried Chicken, Inc. and its parent company A. Copeland Enterprises, Inc. (Popeye's), State Farm intervened for reimbursement of compensation and medical benefits it had paid plaintiff. After a trial on the merits, the jury found Robertson 70% and Popeye's 30% at fault for the accident, and awarded total damages of $17,226.57. This amount included $12,500.00 in general damages, $1,658.57 in past medical expenses, and $3,068.00 in past lost wages. The jury awarded zero damages, however, for future medical expenses and future lost wages. Because the worker's compensation paid by State Farm exceeded the jury's award, the trial judge rendered judgment in favor of State Farm for the full amount of the verdict, and rejected Popeye's request that the intervener's recovery be reduced by 70% because of Robertson's fault.
Appealing, State Farm contends that the damages are inadequate, and should be increased to reimburse this compensation insurer in excess of $60,000.00 in benefits paid to Robertson. In this regard, State Farm argues that the testimony of the treating physician establishes that plaintiff sustained a ruptured disc as a result of his *99 fall at Popeye's restaurant, and that the Louisiana Supreme court in Robertson v. Scanio Produce, Inc., supra, held that Robertson had carried his burden of proof of showing causation between the accident and his total and permanent disability.
At the outset, we note that the Supreme Court's decision in the worker's compensation action does not determine the issues of causation and damages in the tort claim now before this court. The doctrine of res judicata does not apply since the parties, the causes, and the things demanded in the two suits are not identical. Dornak v. Lafayette General Hospital, 399 So.2d 168 (La.1981); Coffil v. Boyd, 428 So.2d 1355 (La.App. 4th Cir.1983), writ denied 433 So.2d 1051 (La.1983). Nor does the principle of the law of the case make the Supreme Court's findings binding on us, since Popeye's was not a party to the compensation action. Day v. Campbell-Grosjean Roofing & Sh. Metal Corp., 260 La. 325, 256 So.2d 105 (1971). Although both cases involve the same accident and the question of plaintiff's disability, nonetheless, the demands of the parties, the nature of the evidence, and the burdens of proof are different in the tort and compensation actions. See Lege v. United States Fidelity & Guaranty Company, 186 So.2d 670 (La.App. 3rd Cir.1966), writ denied 249 La. 478, 187 So.2d 448 (1966). Indeed, LSA-R.S. 23:1101(A), which sets forth the employee's right to bring a tort action against third persons, specifically states that the payment or award of worker's compensation "... shall not affect the claim or right of action of the said employee... against such third person, nor be regarded as establishing a measure of damages for the claim...." [Emphasis ours].
In the instant case, by awarding plaintiff only partial past medical expenses and past lost wages, while denying him any recovery for future pain and suffering and diminished earning capacity, the jury implicitly found that Robertson had suffered only a back strain as a result of his fall at Popeye's, rather than a ruptured disc. In light of the evidence, we cannot say the jury erred.
Dr. Joseph A. Sabattier, Jr., the doctor who treated plaintiff in the hospital emergency room on the day of the accident, diagnosed his condition as low back strain with a contusion of the right lower chest. Although plaintiff exhibited tenderness in the left lower lumbar area and right lower ribs, there was no x-ray evidence of a fracture and he was discharged the same afternoon.
L. Thomas Cashio, M.D., an orthopedic surgeon who treated plaintiff with pelvic traction and diathermy during hospitalization in January, 1981, diagnosed Robertson's condition as lumbar strain of the muscles and ligaments of the lower back. Throughout his course of treatment of plaintiff both in the hospital and at his office from January 9, 1981 until March 19, 1981, this physician found no objective symptoms of a possible disc problem such as spasm, atrophy in the lower extremities, or complaints of leg pain. Dr. Cashio advised plaintiff to return to light activities at work as early as January 22, and to regular activities on February 19, 1981. In releasing plaintiff to return to full duty, he was clearing him to do all the work necessary of a delivery man lifting 60 lb. cases of chicken.
The jury also heard extensive testimony regarding plaintiff's work history subsequent to the Popeye's accident. Robertson stated that he worked post-accident as an equipment operator doing heavy labor for two construction companies, as a sandblaster, and briefly as a roofer for his landlord. Although plaintiff testified that he had worked in pain to support his family, one of his superintendents, Charles Birch of Crescent Construction Company, testified that Robertson worked from March 20 until May 4, 1981, and handled all the work assigned to him as a laborer and machine operator without apparent pain.
David M. Jarrott, M.D., a neurosurgeon who diagnosed a ruptured disc and performed the laminectomy in plaintiff's lower back at the L5-S1 level on March 25, 1982, testified that it is unlikely that a person *100 with a ruptured disc could do heavy manual labor without considerable discomfort that would be noticed by his co-workers. Although this physician felt that plaintiff's fall at Popeye's had caused his ruptured disc, he was unaware of plaintiff's heavy labor since the accident, and based his opinion on the history that had been related to him.
The evidence considered, we cannot say the jury abused its discretion in awarding plaintiff $17,226.57 in damages. Although the jury did not articulate its reasoning, the trial judge in his reasons for judgment on post-trial motions noted that it was "obvious" from the size of the award that the jury had determined "that the plaintiff's disc problems were not related to the accident" and that he had sustained a limited injury. Considering the conflicting medical testimony and plaintiff's ability to perform heavy manual labor after the accident, we cannot say the amount awarded is inadequate.
We further conclude that the jury did not manifestly err in determining that plaintiff was 70% at fault for the accident. Although conflicting, the evidence indicates that plaintiff made at least one safe trip down the hallway before falling, that there was sufficient room for him to have passed the obstruction, and that he was therefore partially at fault for failing to have seen and avoided it as he backed in with his hand truck loaded with frozen chicken. Under these circumstances, we cannot say the jury erred in apportioning fault between plaintiff and Popeye's.
We do find merit, however, to Popeye's appeal on the grounds that the trial judge erred in awarding State Farm the full amount of the jury's award instead of only 30% in light of Robertson's partial fault. As we held in Chatelain v. Project Square 221, 505 So.2d 177 (La.App. 4th Cir.1987), writs denied 508 So.2d 71, 74, and 813 (La.1987), under the doctrine of comparative negligence, a compensation insurer's right to reimbursement from a third party tortfeasor is dependent upon the percentage of fault attributable to the employee. Indeed, LSA-R.S. 23:1101(B), as amended by Acts 1985, No. 931, specifically provides as follows concerning the intervener's right of recovery:
"The recovery allowed herein shall be identical in percentage to the recovery of the employee or his dependants against the third person and, where the recovery of the employee is decreased as a result of comparative negligence, the recovery of a person who has paid compensation or has become obligated to pay compensation shall be reduced by the same percentage."
Because Robertson's accident occurred prior to the effective date of LSA-R.S. 23:1101(B), however, the trial judge refused to reduce the judgment in favor of State Farm in accordance with Robertson's percentage of fault. We noted in Chatelain, nonetheless, that the 1985 amendment did not change any prior substantive rights but simply restated the preexisting rule that an intervening employer or compensation carrier can only recover to the extent the injured employee can recover. Thus, because plaintiff's recovery would be reduced by his 70% fault for the accident, the intervening compensation insurer is only entitled to 30% of the total jury award, even though the accident occurred prior to the 1985 amendment to LSA-R.S. 23:1101.
Accordingly, the judgment in favor of State Farm Fire and Casualty Company and against A. Copeland Enterprises, Inc. in the sum of $17,226.57 is reduced to the sum of $5,167.97, with legal interest from date of judicial demand until paid and for all costs. In all other respects, the judgment is affirmed.
AMENDED AND AFFIRMED.