DREW, J.
|TIn this workers’ compensation action, Ruth Toliver appeals a judgment sustaining the exception of res judicata filed by Entergy Services, Inc (“ESI”).
We affirm.
FACTS
While working for ESI on September 27, 1993, Toliver slipped from a three-foot high stepladder and fell to the floor, causing her to sustain injuries to her neck and left shoulder. She began receiving workers’ compensation benefits, which were terminated around 2011. Toliver then filed a disputed claim for benefits with the Office of Workers’ Compensation (“OWC”) on January 24, 2011.
In May of 2012, the parties reached a settlement agreement under which ESI *775 agreed to pay Toliver the sum of $58,909.93 in addition to all compensation benefits that had been paid up to that date, as well as any of the related medical expenses incurred up to the date of the approval of the settlement. ESI had paid $397,763.75 in workers’ compensation benefits to Toliver, and $43,909.93 was allocated from the settlement for a Medicare set-aside for her future medical expenses. The WCJ issued an order approving the settlement agreement and relinquishing ESI from further liability for any claims resulting from the September 27, 1993 accident.
On July 2, 2014, Toliver proceeded pro se and filed the instant claim for benefits in OWC District 1W. She alleged the same work-related accident that was the subject of the settled claim, and that she had sustained injuries to her head, shoulder, and back in the accident. ESI raised the | exception of res judicata, contending that the May 3, 2012, order of approval and dismissal precluded Toliver from relitigat-ing any and all disputes and issues covered by the settlement. The exception was sustained. Toliver appealed.
DISCUSSION
Toliver contends the WCJ erred in sustaining the exception of res judicata. The law on res judicata is set forth in La. R.S. 13:4231, which provides:
Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
(1)If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
(2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
(3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.
Under La. R.S. 13:4231, a second action is precluded by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of 1 sthe first litigation. Burguieres v. Pollingue, 2002-1385 (La.2/25/03), 843 So.2d 1049. The chief inquiry is whether the second action asserts a cause of action which arises out of the transaction or occurrence that was the subject matter of the first action. Chauvin v. Exxon Mobil Corp., 2014-0808 (La.12/9/14), 158 So.3d 761.
While the doctrine of res judicata is ordinarily premised on a final judgment on the merits, it also applies where the opposing parties have entered into a compromise or settlement of a disputed matter. See Ortego v. State, Dept. of Transp. & Dev., 1996-1322 (La.2/25/97), 689 So.2d 1358.
The standard of review of a ruling on an exception of res judicata is manifest error when the exception is raised before the case is submitted and evidence is re *776 ceived from both sides. Floyd v. City of Bossier City, 38,187 (La.App.2d Cir.3/5/04), 867 So.2d 993; Medians v. Scott, 32,326 (La.App.2d Cir.9/22/99), 744 So.2d 192.
Toliver alleged she had a new injury-related to the September 27,1993, accident but fails to show any evidence that her July 2014 claim is separate and distinct from the claims she asserted and settled in May 2012. At the hearing on the exception, Toliver’s pleadings and the exhibits attached thereto were accepted into evidence. In support of its exception, ESI submitted the joint petition, Toliver’s affidavit submitted with the petition, the settlement agreement, and the order of approval and dismissal. Toliver confirmed at the hearing that she signed the documents releasing ESI from liability.
[4In her affidavit submitted in support of the petition for approval of the settlement agreement, Toliver acknowledged that she had read the petition and agreed the allegations were true and correct. The affidavit further stated:
[Toliver] fully understands this is a full and complete settlement of any and all past, present and future rights and/or obligations that may exist between her and her employer, Entergy Services, Inc., as stated in the Joint Petition; and further understands the purpose of the Joint Petition which is to end forever and always and to dispose of completely any and all rights which she and her successors, heirs, survivors or assigns might now or in the future have arising from her accident and injuries of September 27, 1993, including but not limited to all of her claims for medical payments and indemnity payments pursuant to the workers’ compensation laws of the State of Louisiana, and all derivative claims and survivors’ benefits for compensation allegedly payable prior to or due to her death.
Moreover, the settlement agreement signed by Toliver stated:
I acknowledge that I have received, for myself and all who may now or in the future claim by, through, or under me, hereby fully and finally release, acquit and forever discharge my employer, ENTERGY SERVICES, INC., and their respective agents, employees, insurers and attorneys ... from any and all past, present and future claims, demands, indemnity and death benefits compensation, medical expenses, cost, expenses, penalties, attorneys fees, damages and any and all causes and rights of action whatsoever arising from the accident of September 27, 1993, to which I may have and to which I may be entitled, known and unknown, anticipated and unanticipated, under the workers’ compensation laws of the State of Louisiana, the tort laws and any and all other laws, in anyway resulting from and/or to result from the accident which occurred at the time and place shown in the Joint Petition and attachments filed herein, and any and all other incidents sustained by employee in the past arising out of or occurring in the course of my said employment with Entergy Services, Inc.
[[Image here]]
I expressly agree that no claim or cause of action of any type is reserved against the parties released. In consideration hereof, I agree not to assert any further claim and to release any existing claim, cross-claim or counterclaim, against anyone, arising | ¡^directly or indirectly, from the occurrence of September 27, 1993 and its consequences involving the parties released[.]
[[Image here]]
By [my signature below, I represent: that I understand this constitutes a complete release of all claims, regardless of *777 their kind or character, including any possible claim which might be discovered in the future against the parties released.
The WCJ found that Toliver’s latest claim involved the same accident and facts that were the subject of the earlier dispute that y/as dismissed with prejudice upon approval of the settlement. The parties had clearly agreed to a full and complete settlement of any and all past, present, and future rights and/or obligations that may exist between Toliver and ESI arising from the accident. The trial court was not manifestly erroneous in sustaining the exception of res judicata.
DECREE
Toliver, who proceeded in forma pau-peris in this claim, is to pay appeal costs to the extent permitted by La. C.C.P. art. 5188. The judgment is AFFIRMED.
APPLICATION FOR REHEARING
Before STEWART, DREW, MOORE, PITMAN, and GARRETT, JJ.
Rehearing denied.