Judgment rendered November 20, 2019.
Application for rehearing may be filed
within the delay allowed by Art. 2166,
La. C.C.P.

No. 52,898-WCA
No. 52,899-WCA
No. 52,900-WCA
No. 52,901-WCA
(Consolidated Cases)

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

JAMES ARNESS THOMAS                    Plaintiff-Appellant

versus

MARSALA BEVERAGE                       Defendant-Appellees
COMPANY AND LUBA
CASUALTY INSURANCE
COMPANY

* * * * *

Appealed from the
Office of Workers' Compensation, District 1-E
Parish of Ouachita, Louisiana
Trial Court No. 1800902

Brenza Irving-Jones
Workers' Compensation Judge

* * * * *

JOHNSON & PLACKE, L.L.P.               Counsel for Appellant
By: Don Hewitt Johnson

ANZELMO & CREIGHTON, L.L.C.            Counsel for Appellees
By: Donald J. Anzelmo

* * * * *

Before COX, STEPHENS, and McCALLUM, JJ.

**McCALLUM, J.**

James Arness Thomas, who was injured in an accident at work caused by a third party, obtained workers' compensation benefits from his employer's workers' compensation insurer, Louisiana United Business Association Casualty Insurance Company ("LUBA"). After Thomas filed a tort suit against the tortfeasor and the tortfeasor's employer, LUBA intervened in the tort suit to recover benefits it had paid to Thomas. The judgment obtained in the tort suit awarded damages for past losses, but denied damages for future medical expenses, future lost wages, and loss of earning capacity. The denial of damages was affirmed on appeal. LUBA subsequently terminated wage benefits and would not approve recommended treatment, and when Thomas filed disputed claims for compensation, raised the exception of res judicata in the workers' compensation proceeding. The WCJ sustained the exception and dismissed Thomas's claims. Thomas appeals. For the following reasons, we reverse the judgment and remand for further proceedings.

## FACTS

James Thomas was employed as a forklift operator by Marsala Beverage Company in Monroe. His job duties included loading and unloading trucks, moving beer kegs and drink cases, and performing janitorial tasks such as sweeping and mopping. Thomas was injured at work on November 9, 2010, while unloading a truck with a forklift. Thomas was operating the forklift when it rolled out of the back of the truck as the truck pulled away from the loading dock. Thomas was 42 years old at the time.

Thomas worked for several months following the accident performing janitorial duties but stopped working in February of 2011 and sought workers' compensation benefits from Marsala and LUBA.

On June 17, 2011, Thomas and his wife filed a tort suit against Bryan Boyd, who drove the truck away from the loading dock, and Werner Enterprises, Inc., the owner of the truck. He contended that he was totally and permanently disabled from the accident, physically incapable of ever returning to any type of work, and needed pain management treatment for the balance of his life. Boyd and Werner countered that Thomas's injuries were not as severe or permanent as he claimed, and that he could work but refused to do so. LUBA filed a petition of intervention in the tort suit to recover all benefits and medical expenses it paid to or on behalf of Thomas as well as to obtain credit for any future benefits or medical expenses that it may pay. The parties acknowledged LUBA's statutory lien, and LUBA was excused from appearing at the trial.

Dr. Vincent Forte, a pain management specialist who began treating Thomas in January of 2014, administered lumbar medial branch blocks to him. When Dr. Forte recommended an epidural steroid injection at L5-S1 in February of 2014, LUBA denied coverage of the treatment. The denial was appealed to the Office of Workers' Compensation ("OWC") Medical Director, who declined to approve the injection on the basis that it was diagnostic and not allowed under the OWC's medical treatment guidelines. The WCJ reversed that decision upon finding that the evidence was clear and convincing that the Medical Director's decision was not in accordance with the guidelines. This court affirmed the WCJ in *Thomas v. Marsala Beverage Co.*, 50,062 (La. App. 2 Cir. 9/30/15), 179 So. 3d 620.

2

On August 11, 2015, the jury in the tort suit rendered a verdict finding that although Thomas had been injured in the accident, he failed to mitigate his damages by 55%. He was awarded $40,000 in general damages, $34,977 in past lost wages, and $40,000 in past medical expenses. The jury, rejecting Thomas's assertion that he was unable to work and entitled to medical expenses for the rest of his life, awarded no damages for future medical expenses, future lost wages, or loss of earning capacity. On appeal, this Court concluded the jury erred in the amount awarded for past lost wages as well in finding a failure to mitigate damages. In all other respects, the judgment was affirmed. This Court acknowledged the vast amount of evidence calling into question Thomas's truthfulness, which proved problematic for him as his claims were largely premised upon subjective complaints of pain. *Thomas v. Boyd*, 51,621 (La. App. 2 Cir. 11/15/17), 245 So. 3d 308, *writs denied*, 2018-0232 (La. 4/16/18), 239 So. 3d 832, 2018-00233 (La. 4/16/18), 240 So. 3d 923.

Thomas continued to be treated by Dr. Forte following the jury trial. Dr. Forte saw him a week after the trial for a follow-up visit and as late as September 12, 2018, when Dr. Forte's diagnosis of Thomas's condition remained spondylosis in the cervical region and radiculopathy in the lumbar region. Dr. Forte also performed several treatment procedures on Thomas. Cervical medial branch nerve blocks were done on July 7 and on August 11 of 2016, and a cervical medial branch neurotomy was done on October 17. Thomas received lumbar epidural steroid injections at L5-S1 twice in 2016, and at L4-5 twice in 2017, with the latest on September 12.

LUBA ceased paying weekly wage benefits to Thomas on January 18, 2018. The following month, Thomas filed a disputed claim for

3

compensation in which he asserted that his wage benefits had been terminated. Thomas subsequently filed three additional disputed claims for compensation related to: (1) LUBA's denial of lumbar epidural steroid injections when LUBA's adjuster determined that the injections were not related to Thomas's compensation claim; (2) LUBA's failure to approve his request for neuropsychological testing; and (3) LUBA's denial of drug testing conducted by Dr. Forte as part of Thomas's treatment program when LUBA's adjuster determined it was unrelated to Thomas's compensation claim. Thomas contended in each disputed claim that he was disabled and not employable. LUBA filed answers in which it denied that Thomas remained disabled, was permanently disabled, had an injury resulting in a loss of earning capacity, or was entitled to rehabilitation services. The WCJ ordered the disputed claims consolidated.

Marsala and LUBA filed an exception of res judicata in which they asserted that the doctrine of res judicata barred the consolidated claims. They contended that the judgment in the tort suit was res judicata as to Thomas's compensation claims asserting that he was disabled, not employable, and entitled to continuing medical treatment.

At the hearing on the exception, the WCJ admitted into evidence a sextet of exhibits submitted by Thomas in opposition to the exception. Included among the exhibits were Dr. Forte's 2018 deposition, a 2019 deposition from Dr. Navneet Sharma, Dr. Forte's medical records, and a 2018 report from a rehabilitation consultant.

Dr. Sharma, who specializes in physical medicine and rehabilitation, was retained by LUBA in November of 2017 to provide a second medical opinion, which he rendered on December 6, 2017. In his report, which was

4

attached to his deposition, Dr. Sharma wrote: (1) his diagnosis was cervical and lumbar spine strain; (2) Thomas's current complaints did not correlate with his physical exam findings; (3) his recommendations were neuropsychological testing and vocational rehabilitation, although he doubted that Thomas would give a good effort; (4) Thomas's current medication regimen was appropriate; (5) Thomas reached maximum medical improvement between May of 2013 and December of 2014; (6) it was his opinion that Thomas was capable of doing light duty work on a full-time basis; and (7) he believed that Thomas could return to light-duty work immediately with work restrictions similar to what had been recommended in a functional capacity evaluation. Dr. Sharma testified in his deposition that there was no reliable evidence that Thomas had a disability related to the accident. He explained that one of the reasons that he recommended neuropsychological testing was he could not correlate some of the physical findings with Thomas's injury.

Dr. Forte testified in his 2018 deposition that given Thomas's illness, limited job skills, and limited education, he thought that Thomas would be very hard to employ. He recommended that Thomas continue with the present treatment plan unless his symptoms changed. Dr. Forte asserted that he was not saying that Thomas was totally and permanently disabled, but only that he had not seen a job presented that he believed Thomas could do.

The exception of res judicata was granted and all of Thomas's disputed compensation claims were dismissed with prejudice. Thomas has appealed.

# DISCUSSION

The standard of review of a ruling on an exception of res judicata is manifest error when the exception is raised before the case is submitted and evidence is received from both sides. *Barnett v. Louisiana Medical Mutual Ins. Co.*, 51,908 (La. App. 2 Cir 5/23/18), 248 So. 3d 594, *writ denied*, 2018-0944 (La. 09/28/18), 253 So. 3d 154; *Toliver v. Entergy Servs., Inc.*, 49,954 (La. App. 2 Cir. 6/24/15), 169 So. 3d 774, *writ denied*, 2015-1633 (La. 10/30/15), 180 So. 3d 299. The res judicata effect of a prior judgment is a question of law that is reviewed *de novo* on appeal. *Alpine Meadows, L.C. v. Winkler*, 49,490 (La. App. 2 Cir. 12/10/14), 154 So. 3d 747, *writ denied*, 2015-0292 (La. 4/24/15), 169 So. 3d 357.

Res judicata promotes the dual purposes of judicial efficiency and the final resolution of disputes by preventing needless relitigation. *Terrebonne Fuel & Lube, Inc. v. Placid Refining Co.*, 1995-0654 (La. 1/16/96), 666 So. 2d 624. The doctrine of res judicata is set forth in La. R.S. 13:4231:

> Except as otherwise provided by law, a valid and final judgment is conclusive between the same parties, except on appeal or other direct review, to the following extent:
> (1) If the judgment is in favor of the plaintiff, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and merged in the judgment.
> (2) If the judgment is in favor of the defendant, all causes of action existing at the time of final judgment arising out of the transaction or occurrence that is the subject matter of the litigation are extinguished and the judgment bars a subsequent action on those causes of action.
> (3) A judgment in favor of either the plaintiff or the defendant is conclusive, in any subsequent action between them, with respect to any issue actually litigated and determined if its determination was essential to that judgment.

6

Under La. R.S. 13:4231, a second action is precluded by res judicata when all of the following are satisfied: (1) the judgment is valid; (2) the judgment is final; (3) the parties are the same; (4) the cause or causes of action asserted in the second suit existed at the time of final judgment in the first litigation; and (5) the cause or causes of action asserted in the second suit arose out of the transaction or occurrence that was the subject matter of the first litigation. *Burguieres v. Pollingue*, 2002-1385 (La. 2/25/03), 843 So. 2d 1049.

Thomas maintains that res judicata is precluded because the doctrine has narrow application in workers' compensation proceedings. In support of his argument, he cites La. R.S. 23:1310.8, which grants continuing jurisdiction to a WCJ to modify awards.[1]

The doctrine of res judicata applies in workers' compensation cases only in certain limited situations. *Borja v. FARA*, 2016-0055 (La. 10/19/16), 218 So. 3d 1. Where the legislature has expressly provided that an award or judgment can be subject to a claim of modification, res judicata does not apply. *Id*. In La. R.S. 23:1310.8, the legislature expressly provided that a compensation award may be modified by either party because of a change in disability after an award has been made. *Borja v. FARA*, *supra*.

As the Louisiana Supreme Court stated in *Falgout v. Dealers Truck Equip. Co.*, 1998-3150, pp. 8-9 (La. 10/19/99), 748 So. 2d 399, 405:

> Usually, once a judgment has become final and definitive, parties are bound by it, regardless of any future change of circumstances. See La. C. Civ. Pro. arts. 1841, 425. Workers'

---

[1] Regarding the prescription period for bringing a workers' compensation claim, La. R.S. 23:1209(A)(2) provides: "Where such payments have been made in any case, the limitation shall not take effect until the expiration of one year from the time of making the last payment, except that in cases of benefits payable pursuant to R.S. 23:1221(3) this limitation shall not take effect until three years from the time of making the last payment of benefits pursuant to R.S. 23:1221(1), (2), (3), or (4)."

compensation judgments, however, are treated differently from ordinary judgments. This is due to the fact that if the rules of finality applied to ordinary civil judgments are applied to workers' compensation judgments, the flexibility of the workers' compensation system would be greatly restricted.

Generally, a determination of the extent of disability in a prior proceeding will not be res judicata as to a renewed request for a reevaluation of the issue in a petition seeking modification of the prior judgment. *Borja v. FARA*, *supra* (citing 13 H. Alton Johnson, La. Civil Law Treatise, *Workers' Compensation Law & Practice* § 284, p. 797 (5th ed. 2010)). Thus, the doctrine of res judicata applies in a workers' compensation case only in the instance of a final judgment denying benefits or a lump sum settlement approved by the WCJ under La. R.S. 23:1271 and 23:1274.[2] *Borja v. FARA*, *supra*.

While we agree that res judicata has limited application within a workers' compensation proceeding, we disagree that La. R.S. 23:1310.8 is directly relevant to the issue at hand. LUBA is not arguing in this matter that an award or order already made by the WCJ is res judicata as to Thomas's disputed claims for compensation.

Res judicata does not bar a subsequent claim between the same parties if the parties appear in a different capacity. *Burguieres v. Pollingue*, *supra*. There must be an "identity of parties" before the doctrine of res judicata can be used to preclude a subsequent suit. *Id.*

The Louisiana Supreme Court found in *Burguieres* that although an amendment to La. R.S. 13:4231 in 1990 made a substantial change to the law, the requirement in the statute that the parties be the same in order for

---

[2] A judgment denying benefits is res judicata after the claimant has exhausted his rights of appeal. La. R.S. 23:1310.8(E).

8

the second suit to be precluded by the operation of res judicata retained the "identity of capacity" component. Thus, in order for a second suit to be precluded under La. R.S. 13:4231, the parties must appear in both suits in the same capacities. *Burguieres*, *supra*.

Identity of parties does not mean that the parties must be the same physical or material parties. Instead, it means that the parties must appear in the suit in the same quality or capacity. *Alpine Meadows, L.C. v. Winkler*, *supra*.

In *Penton v. Castellano*, 49,843 (La. App. 2 Cir. 6/24/15), 169 So. 3d 739, the Caddo Parish School Board paid workers' compensation benefits to Penton, an assistant principal who had been injured by a student. Penton filed a tort suit against the school board, among other defendants, asserting that the school board was responsible for the student's intentional acts. The school board was dismissed from the tort suit by summary judgment. The school board, which was self-insured for purposes of workers' compensation, then filed a petition for intervention in Penton's tort suit seeking to recover the benefits that it had paid to her. Penton filed an exception of res judicata to the intervention, which the trial court granted.

Reversing the judgment, this Court concluded that res judicata did not bar the school board's claims as an intervenor. The claims made by Penton against the school board in the tort suit were not related to its status as her own employer. Thus, the school board had appeared in the lawsuit in two entirely different capacities. It first appeared as a defendant who was allegedly vicariously liable for the school principal's actions. It then appeared as an intervenor exercising its right of reimbursement to benefits it paid to and on behalf of Penton.

9

When the school board in *Penton* intervened in the tort suit, it was not bringing a claim against its employee. Rather, the basis for its intervention was its mutual cause of action with Penton against the tortfeasor. In essence, a property right consisting of the right to recover damages from a third party is co-owned by an injured employee and the employer who paid compensation benefits. *Penton v. Castellano*, *supra*. See also La. R.S. 23:1103(C).

As authorized by La. R.S. 23:1102, LUBA intervened in the tort suit to recover the amount of benefits that it had paid Thomas. After the parties to the tort suit recognized its statutory lien, LUBA remained a party but did not participate in the jury trial. We also note that LUBA later filed a motion in February of 2016 to join Thomas's motion for a devolutive appeal in the tort suit.[3] Thus, LUBA appeared in one capacity in the tort suit, as an intervenor whose interests aligned with Thomas, and in a different capacity in the workers' compensation proceeding, this time taking a position contrary to that of Thomas. Therefore, the parties were not the same in the tort suit and in the workers' compensation proceeding.

In *Roland v. Owens*, 00-1846 (La. App. 5 Cir. 4/24/01), 786 So. 2d 167, *writ denied*, 2001-1500 (La. 8/31/01), 795 So. 2d 1213, Roland was injured when his vehicle was struck by a vehicle driven by an employee of Frosty Treats. Roland filed a tort suit against Frosty Treats and Zurich, its insurer. Zurich answered that Roland's exclusive remedy was in workers' compensation because Frosty Treats was his statutory employer. Roland

---

[3] A footnote in this Court's opinion in the tort appeal states that in December of 2016, the parties stipulated that LUBA would not appeal the quantum award but would reserve its rights against Thomas.

10

filed a workers' compensation claim against Frosty Treats. The WCJ found that Frosty Treats was Roland's statutory employer and awarded benefits. Zurich then filed a motion for summary judgment in the tort suit on the ground that the workers' comp judgment was res judicata to the tort suit. The trial judge granted summary judgment on the basis that he was bound by the WCJ's finding that Roland was a statutory employee of Frosty Treats.

Roland argued on appeal that the doctrine of res judicata did not apply because there was no identity of parties and Zurich could not enforce the doctrine since Zurich was not a party to the workers' compensation suit. The Fifth Circuit rejected this argument, noting that Zurich's involvement in the lawsuit stemmed from its relationship as Frosty Treats' insurer. The appellate court added that allowing Roland to continue his suit against Frosty Treats and Zurich would allow him to relitigate the statutory employee issue after it had already been litigated in the workers' compensation proceeding.

*Roland v. Owens* can be distinguished as Marsala and LUBA were never parties to the tort suit as defendants. Rather, LUBA only appeared as an intervenor whose interest was aligned with Thomas.

In *Hawkins v. Span Systems, Inc./DFW Int'l Airport OCIP*, 51,378 (La. App. 2 Cir. 5/17/17), 223 So. 3d 593, Hawkins filed a workers' compensation claim in Texas against his employer's insurer and a workers' compensation claim in Louisiana against his employer and the insurer. The hearing officer in Texas determined, among other things, that Hawkins' work-related injury did not involve various back symptoms, but made no determination regarding any cervical sprain/strain. The employer then filed the exception of res judicata in the Louisiana proceeding, which the WCJ

11

sustained as to all of Hawkins' compensation claims other than for cervical sprain/strain. This court affirmed. On appeal, Hawkins did not argue that res judicata was inapplicable *per se*, but he argued that pursuant to La. R.S. 13:4232(A)(1), he was entitled to relief from the harsh effects of res judicata because of exceptional circumstances. This Court concluded that no relief was warranted given that Louisiana and Texas had strong policies of protecting employees through their respective workers' compensation laws, and that this Court had previously used a workers' compensation judgment in Texas as the basis for res judicata in a Louisiana workers' compensation proceeding. This Court also concluded in *Hawkins* that it was immaterial that the insurer, but not the employer, was a defendant in the Texas proceeding while both were defendants in Louisiana. For purposes of res judicata, the insurer and the insured shared the same qualities and identity. We distinguish *Hawkins* from the present case because the judgment used as the basis for res judicata in that matter was also a workers' compensation judgment, albeit in a foreign jurisdiction.

Res judicata forecloses both the relitigation of matters that have not been litigated but should have been raised in the earlier suit (claim preclusion) and matters previously litigated and decided (issue preclusion). *Alpine Meadows, L.C. v. Winkler, supra*.

Claim preclusion treats a judgment, once rendered, as the full measure of relief to be accorded between the same parties on the same claim or cause of action. *Paradise Village Children's Home, Inc. v. Liggins*, 38,926 (La. App. 2 Cir. 10/13/04), 886 So. 2d 562, *writ denied*, 2005-0118 (La. 2/4/05), 893 So. 2d 884. Issue preclusion bars the relitigation of issues actually

litigated, and essential to a judgment, in a prior litigation between the same parties. *Id*.

Claim preclusion is addressed in comment (a) to La. R.S. 13:4231:

This serves the purpose of judicial economy and fairness by requiring the plaintiff to seek all relief and to assert all rights which arise out of the same transaction or occurrence. This prevents needless relitigation of the underlying facts and will free the defendant from vexatious litigation; and, by focusing on the transaction or occurrence which would be comparatively easy to determine, . . . the much more difficult problem of defining what constitutes "cause of action" is avoided. For purposes of res judicata it would not matter whether the cause of action asserted in the second action was the same as that asserted in the first or different as long as it arose out of the transaction or occurrence that was the subject matter of the first action.

The principle of issue preclusion serves the interests of judicial economy by preventing relitigation of the same issue between the same parties. Comment (b) to La. R.S. 13:4231.

The concerns about relitigation behind the doctrine of res judicata are absent in this matter. The WCJ is vested with original, exclusive jurisdiction over claims or disputes if they arise out of the Workers' Compensation Act. La. R.S. 23:1310.3(F). Thus, the district court could not serve as the forum for Thomas's compensation claims, and the OWC could not serve as the forum for his tort claim. Furthermore, the possibility of two contemporaneous proceedings by an injured employee, one in tort and one in workers' compensation, is recognized in La. R.S. 23:1101 and 23:1102. Nevertheless, Thomas could not cumulate his actions in either forum due to the limited jurisdiction of the respective forums.

Several cases have discussed the differences between tort claims and workers' compensation claims in the context of the possible res judicata effect of a prior judgment. In *Stacy v. Minit Oil Change, Inc.*, 38,439 (La.

13

App. 2 Cir. 5/12/04), 874 So. 2d 384, Stacy was injured when a coworker, Stevenson, hit him over the head with a pipe during a dispute at the carwash where they both worked. After Stacy filed a disputed claim for compensation, the WCJ found that his injury was work-related for purposes of the Workers' Compensation Act ("WCA") and awarded benefits. Stacy also filed a tort claim against his employer on the grounds that Minit was responsible for his coworker's intentional tort. The district court rendered summary judgment in Minit's favor, which this Court affirmed. In doing so, this Court noted that the finding in the workers' compensation judgment that the injury was work-related was not res judicata or the law of the case in the tort matter. This Court reached that conclusion by considering that the compensation standard was different from, and broader than, the vicarious liability test. "[T]he prior finding that Stacy's injury arose out of and in the course of Stacy's employment does not prove that [the] assaultive conduct occurred in the course and scope of Stevenson's employment." *Id.*, 38,439 at p. 8, 874 So. 2d at 389.

In *Domingue ex rel. Domingue v. Allied Discount Tire & Brake, Inc.*, 2002-1338 (La. App. 1 Cir. 5/9/03), 849 So. 2d 690, *writ denied*, 2003-1605 (La. 10/03/03), 855 So. 2d 320, Jones, a district manager for Allied, engaged in a physical fight with Dominque, an Allied employee, at one of Allied's stores. A WCJ determined that Domingue was not the initial aggressor. When a tort suit was filed, the district court granted the exception of res judicata on the issue of aggression as to Allied but not as to Jones individually. The district court ultimately found Jones and Allied to be completely at fault for Domingue's injuries.

14

The First Circuit found that the exception of res judicata had been granted in error.[4]   First, the court noted that the WCJ's factual conclusion issued from the bench fell short of a judgment upon which the exception of res judicata could be based.  The court then stated:

> Moreover, the procedural requisites and burdens of proof associated with a workers' compensation claim are divergent from the requisites of a tort case; therefore, a factual determination in one forum does not readily substitute for the evidentiary requirements of the other. The doctrine of res judicata is *stricti juris* and should be rejected when doubt exists as to whether a party's substantive rights have actually been previously addressed and finally resolved.

*Id.*, 2002-1338 at p. 5, 849 So. 2d at 695.  (Citation omitted.)

In *Robertson v. Popeye's Famous Fried Chicken, Inc.*, 524 So. 2d 97 (La. App. 4 Cir. 1988), *writ denied*, 526 So. 2d 802 (La. 1988), Robertson was injured when he tripped and fell while delivering frozen chicken to Popeye's.[5]   Robertson filed a workers' compensation claim against his employer and its insurer, State Farm.  The Louisiana Supreme Court held that Robertson had carried his burden of proving a causal relationship between his total and permanent disability and the work-related accident. *Robertson v. Scanio Produce & Institutional Foods, Inc.*, 449 So. 2d 459 (La. 1984).  When Robertson filed a tort suit against Popeye's, State Farm intervened in the lawsuit for reimbursement of the benefits that it had paid to Robertson.  The jury awarded general damages as well as damages for past medical expenses and past lost wages, but awarded no damages for future

---

[4] Any error as to Allied was considered inconsequential by the appellate court because the trial court fully considered the issue of aggression as to Jones.  The trial court ultimately determined that Jones had been the initial aggressor.

[5] At one time, an injured employee with a disputed workers' compensation claim brought a civil suit against his employer in state district court.  However, by Act 938 of 1988, the OWC was given original and exclusive jurisdiction over all claims filed pursuant to the WCA.

medical expenses or future lost wages. State Farm appealed, arguing that the damages were inadequate. In support of its argument, State Farm referred to the Supreme Court's holding that Robertson had met his burden of proving causation between the accident and his total and permanent disability.

The Fourth Circuit noted that the Supreme Court's decision in the workers' compensation case did not determine the issues of causation and damages in the tort case. The appellate court concluded that res judicata did not apply because the parties, causes, and things demanded in the two suits were not identical. The court recognized that although both cases involved the same accident and the question of Robertson's disability, the demands of the parties, nature of the evidence, and burdens of proof were different in the tort and compensation actions. The court also pointed to the provisions of La. R.S. 23:1101(A), which state that a payment or award of compensation benefits "shall not affect the claim or right of action of the said employee . . . against such third person, nor be regarded as establishing a measure of damages for the claim[.]"

LUBA contends that there is no difference in the cause of action for future medical treatment associated with this accident in either the tort or the workers' compensation cases. However, there is an element of uncertainty inherent in a claim for future medical expenses in a tort suit that is largely absent when a workers' compensation claimant seeks approval from the insurer for a proposed medical treatment or procedure.

The recovery of future medical expenses is dependent upon the tort victim establishing the probability of the future medical expenses with

16

supporting medical testimony and estimations of their probable cost. *Terry v. Simmons*, 51,200 (La. App. 2 Cir. 2/15/17), 215 So. 3d 410.

A worker's access to medical benefits is the most central element of the workers' compensation scheme. *See Arrant v. Wayne Acree PLS, Inc.*, 2015-0905 (La. 1/27/16), 187 So. 3d 417. It is well settled that a workers' compensation claimant may recover costs of medical treatment that is reasonably necessary for the treatment of a medical condition caused by a work-related injury. La. R.S. 23:1203(A); *Daniels v. State Through Dept. of Transp. & Dev.*, 52,750 (La. App. 2 Cir. 7/17/19), 275 So. 3d 998.

Furthermore, a claimant's entitlement to medical expenses is a continuing potential liability for the employer. As was stated in *Church Mut. Ins. Co. v. Dardar*, 2013-2351, pp. 14-15 (La. 5/7/14), 145 So. 3d 271, 281:

> According to the plain words of the statute, an injured employee is not entitled to payment for all future medical treatment occasioned by an accident; rather, the employer's liability is limited to that which is necessary. Thus, in order to state a cause of action for and recover medical expenses authorized by the statute, an injured worker must require medical expenses that are reasonably necessary for the treatment of a medical condition caused by a work injury. . . . Notably, because the employer's obligation under La. R.S. 23:1203(A) does not extend to all future medical treatment, but only that which is necessary, **the employer's liability for medical expenses arises only as those expenses are incurred**.

Emphasis added.

In reaching our conclusion that res judicata does not bar Thomas's claims for compensation, we are mindful that the doctrine of res judicata is *stricti juris*, and any doubt concerning the application of res judicata must be resolved against its application. *See Kelty v. Brumfield*, 1993-1142 (La. 2/25/94), 633 So. 2d 1210.

17

We are also mindful of the rationale behind the Louisiana Workers' Compensation Act ("WCA"). The purpose of Louisiana's workers' compensation law is set forth in La. R.S. 23:1020.1(B), which states:

> The legislature declares that the purpose of this Chapter is all of the following:
> (1) To provide for the timely payment of temporary and permanent disability benefits to all injured workers who suffer an injury or disease arising out of and in the course and scope of their employment as is provided in this Chapter.
> (2) To pay the medical expenses that are due to all injured workers pursuant to this Chapter.
> (3) To return such workers who have received benefits pursuant to this Chapter to the work force.

The WCA was designed to serve as a substitute for an employee's right to sue the employer in tort and to provide no-fault recovery. *O'Regan v. Preferred Enters, Inc.*, 1998-1602 (La. 3/17/00), 758 So. 2d 124.

The workers' compensation regime represents a *quid pro quo* compromise of interests, whereby an employee receives an absolute right to recover limited benefits in exchange for the employer's tort immunity. *Benoit v. Turner Indus. Group, L.L.C.*, 2011-1130 (La. 1/24/12), 85 So. 3d 629. This *quid pro quo* between employers and employees is central to the WCA. *O'Regan v. Preferred Enters., Inc.*, *supra*. Both employees and employers surrender certain advantages in exchange for others which are more valuable to both parties and society. *Deshotel v. Guichard Operating Co., Inc.*, 2003-3511 (La. 12/17/04), 916 So. 2d 72. The employee relinquishes his right to be made whole in a civil suit, while the employer cedes his available tort defenses. *Id*.

An injured employee whose upkeep is being maintained by his workers' compensation benefits may attempt to be made whole by filing suit against a third party tortfeasor. La. R.S. 23:1101. Damages recovered in

tort would benefit the employer or the workers' compensation insurer who intervened in that tort suit. La. R.S. 23:1101 also permits the employer or its insurer to bring its own action against the third party to recover benefits paid.

Uppermost in our consideration of this matter, however, is our recognition that the citizens of this state, through their duly elected legislators, have created a separate and distinct tribunal for resolution of workers' compensation claims between employers and their employees. The resulting paradigm, together with any attendant inconveniences, we accept as a result of the purposeful and considered deliberations of the legislature. Whatever arguments may be made to the contrary, our resolution of this case holds inviolable the right and responsibility of the legislature to enact the laws of this state, while maintaining the ambit of the courts to interpret and apply them.[6]

## CONCLUSION

For the foregoing reasons, we conclude that the WCJ was manifestly erroneous in sustaining LUBA's exception of res judicata. This matter is remanded to the OWC for further proceedings. In reversing the judgment, this Court is not commenting on or considering the relative merits of Thomas's disputed claims for compensation.

At Marsala's and LUBA's costs, the judgment is REVERSED and the matter REMANDED for further proceedings.

---

[6] For further elucidation on this issue see this writer's concurring opinion in *McDonald v. City of Bastrop*, 52,911 (La. App. 2 Cir. 9/25/19), __ So. 3d __, 2019 WL 4667602.